AUGUSTA G. GENET, Respondent, *v*. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

The Special Term of the Superior Court of the city of New York has power to suspend, by order, the operation of a judgment rendered by it in an equity case, or to relieve the defendant from the duty of immediate obedience pending an appeal to this court, where the appeal does not of itself relieve, and a mere order staying proceedings on the part of plaintiff would not effect that purpose.

(Argued April 16, 1889; decided April 23, 1889.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made January 7, 1889, which reversed, in part, an order of Special Term " on the ground that the court has no power to make the same."

The substance of the Special Term order and the facts, so far as material, are stated in the opinion.

*Frank E. Smith* for appellant. The order of the General Term is appealable to this court. (*Tilton* v. *Beecher* 59 N. Y. 176; *E. L. Ins. Co.* v. *Stevens*, 63 id. 341.) The court below had power to make the order reversed by the General Term. (Code Civ. Pro. §§ 217, 267; Daniel's Ch. Pr. [4th ed.] 1467, 1468; Kerr on Injunctions, 11, 32; 3 Barb. Ch. Pr. [2d ed.] 188; Waterman's Eden on Injunctions [3d ed.] 1214, No. 19; id. 1239, No. 55; 2 Smith's Ch. Pr. [Am. ed.] 68; *S. A. R. R. Co.* v. *G. E. R. R. Co.* 71 N. Y. 430; *Walford* v. *Walford*, 19 L. T. [N. S.] 233; *Mayor, etc.*, v. *Wood*, 3 Hare, 131, 151; *Scholey* v. *C. R. of Venezuela*, 14 Week. Rep. 786; *Roskell* v. *Whitworth*, 19 id. 804; *Flower* v. *Lloyd*, 36 L. T. [N. S.] 444; *The St. Lawrence*, 1 Black. 522; *The Lottawanna*, 21 Wall. 558; *Payne* v. *Hook*, 7 id. 425, 430; *Arrowsmith* v. *Gleason*, 129 U. S. 86, 99.) The provisions of the Code as to staying execution do not abridge the inherent powers of the court to control its own judgments in the interest of justice. (*Granger* v. *Craig*, 85 N. Y. 619.)

The General Term erred in assuming that a judgment cannot be modified except upon appeal. (*Bronson* v. *Schulten,* 104 U. S. 410, 415; Freeman on Judgments, § 90; *Muller* v. *Ehlers,* 91 U. S. 249; *Brooks* v. *R. R. Co.,* 102 id. 107; *N. Y. I. Co.* v. *N. Ins. Co.,* 23 N. Y. 357, 361; *Ladd* v. *Willett,* 22 Week. Dig. 521.) The power of the court to vacate and set aside a judgment altogether includes power to vacate it for a time by suspending its operation, as the greater includes the less. (*Hatch* v. *Central Nat. Bank,* 78 N. Y. 487; *Matter of City of Buffalo,* id. 362, 370; *McCall* v. *McCall,* 54 id. 541.) The existence of such power is necessary to enable the court to do justice. (High on Injunctions, § 1648; Broom's Legal Maxims, 139.) The effect of the appeal to this court, of which the court below was bound to take notice from its own records, was to remove the entire cause out of the Superior Court, so that it no longer had jurisdiction to make any order at all in it. (*Draper* v. *Davis,* 102 U. S. 370; *Keyser* v. *Farr,* 105 id. 265.)

*George C. Genet* for respondent. A judge of the New York Superior Court has no jurisdiction or power to reverse, suspend or annul, upon motion of the defeated party, a final judgment rendered by the court on appeal. Upon the further appeal to the Court of Appeals, proceedings upon the judgment may, in certain cases, be stayed, but only as provided by the statute. (*Sixth Ave. R. R. Co.* v. *Gilbert El. R. Co.,* 71 N. Y. 430, 433; *Dana* v. *Howe,* 13 id. 306; *Fisher* v. *Hepburn,* 48 id. 41; *Graves* v. *Maguire,* 6 Paige, 381.) The order was not authorized by the Code. (Code of Civ. Pro. §§ 1327–1331.)

ANDREWS, J. The judgment in the action, as modified by the General Term, restrained the defendant from using the shaft, breaker and structures erected on the plaintiff's lands in mining coal from lands of the defendant contiguous to the lands of the plaintiff, except under certain limitations specified, and also from depositing on the surface of the plaintiff's land culm from

coal mined from other lands than those of the plaintiff. The judgment of the General Term, affirming the original judgment as modified, was rendered May 10, 1888. The defendant thereupon appealed from the judgment of affirmance to this court. Subsequently, and on the 25th day of May, 1888, on application made in behalf of the defendant to the Special Term of the Superior Court of the city of New York (the court in which the action was brought), an order was made suspending the operation of the judgment during the pendency of the appeal to this court on condition, among other things, of the execution by the defendant of a bond in the penalty of $25,000 to pay all damages which the plaintiff might sustain by reason of the defendant continuing to do, pending said appeal, the acts, or any of them, prohibited by the judgment, or by omitting to do any of the acts thereby commanded. The General Term on appeal reversed the order on the ground that the court had no power to suspend the operation of the judgment, or to relieve the defendant from the duty of immediate obedience pending the appeal. This appeal is taken from the order of reversal, and the sole question is whether the Special Term had power to make the order in question.

The powers of the Superior Court in actions of which it has jurisdiction are co-extensive with those of the Supreme Court in like cases. (Code of Civil Pro. § 267.) The Supreme Court possesses the powers and jurisdiction in law and equity formerly possessed and exercised by the Supreme Court of the colony of New York and the Court of Chancery in England prior to July 4, 1876, subject to the limitations created and imposed by the Constitution and laws of this state. (Code of Civil Pro. § 217.) The English Court of Chancery has frequently exercised the power of suspending the execution of its decrees, especially in cases of injunctions pending an appeal. It is a power inherent in the jurisdiction, and its exercise, although discretionary, may in many cases be important in a wise administration of justice, as where there may be doubt as to the correctness of the decision, and great mischief might result to the appellant from

the execution of the decree pending the appeal in case the decision should be reversed. (*Walford* v. *Walford*, 19 L. T. [N. S.] 233; *Mayor, etc.,* v. *Wood,* 3 Hare, 131, 151; *Scholey* v. *Central R. R. of Venezuela,* 14 Week. Rep. 786; *Roskel* v. *Whitworth,* 19 id. 804; *Flower* v. *Lloyd,* 36 L. T. [N. S.] 444; Daniel's Chancery Practice [4th ed.] 408.)

The judgment in this case prohibits the defendant from using its structures on the plaintiff's lands in the way in which it had been accustomed to use them for several years, and from depositing culm on the surface. It adjudges the right, as claimed by the plaintiff, and denies the adverse claim of the defendant. The judgment operates, of its own force and without further process, as a prohibition against doing the act enjoined. The appeal does not, of itself, relieve the defendant from the duty to obey the judgment. The statute does not prescribe any method by which the execution of a judgment can be stayed in a case like this. (Code Civ. Pro. §§ 1327 *et seq.*) Nor would a mere order staying proceedings by the plaintiff enable the defendant to prosecute its business in violation of the judgment. (*Sixth Ave. R. R. Co.* v. *Gilbert Elevated R. R. Co.,* 71 N. Y. 430.)

The general practice permits courts to control their judgments in the interest of justice, and unless some statutory rule prescribes the method of procedure, or there is some statutory prohibition, I do not perceive how it can be said that there is no power in the court of original jurisdiction to suspend the operation of a judgment pending an appeal, and especially where, by so doing, the parties would be left in the position in which they were when the action was brought. It will be observed that we are considering the mere question of abstract power, and not whether in a particular case it ought to be exercised, or under what conditions or limitations. If the effect of the order of the Special Term was to reverse, modify, or vary the judgment for error in any point of substance, it would be clearly beyond its jurisdiction. The order does not assume the existence of any such power. It merely suspends the operation of the judgment until the

appellate court shall pass upon the law. While it may be said that the order, in some sense, interferes with the judgment, by postponing its enforcement, we think this was within the competency of the Special Term in the exercise of its equitable jurisdiction. The incidental operation of the order in this way does not, we think, work any modification in the judgment in the sense which precludes the jurisdiction exercised by the Special Term. (*Granger* v. *Craig*, 85 N. Y. 619.) There is danger in unduly restricting the power of a court, as in unduly enlarging it. It is quite possible that the General Term, if it had reviewed the discretion of the Special Term, might have reversed the order on the ground that it was improperly exercised. But, upon point of power, we think the conclusion of the General Term was erroneous.

The order of the General Term should, therefore, be reversed, but the case should be remitted to the General Term for the exercise of its discretion.

All concur, except RUGER, Ch. J., and DANFORTH, J., not voting.

Ordered accordingly.