(18 App. Div. 561.)

### CARPENTER v. FISHER.

(Supreme Court. Appellate Division, Fourth Department. June 12, 1897.)

INJUNCTION—REVIVAL PENDING APPEAL.

    Where a judgment dismissing a suit for an injunction, and vacating the temporary injunction previously granted, is affirmed by the appellate division, the special term has no power to suspend the judgment, and revive the injunction, pending an appeal to the court of appeals.

Appeal from special term, Monroe county.

Suit by Anna H. Carpenter against Hattie S. Fisher for an injunction. A judgment dismissing the complaint was affirmed by the appellate division (43 N. Y. Supp. 418); and from an order of the special term suspending the operation of the judgment, and reviving the temporary injunction theretofore granted, pending an appeal to the court of appeals, defendant appeals. Reversed.

The action was brought to restrain the defendant from closing an alley or erecting any fence or obstruction thereon by which the plaintiff would be prevented from using this alley. At the commencement of the action a temporary injunction was granted, restraining the defendant, as demanded in the complaint, from erecting a fence upon the alley or interfering with the use of the plaintiff therein. The action was tried at an equity term in Monroe county in September, 1895. The trial court dismissed the plaintiff's complaint, with a conclusion of law "that the defendant is entitled to judgment dismissing the plaintiff's complaint, and vacating the injunction heretofore granted in this action, with costs." This judgment was duly entered, and the plaintiff appealed to the appellate division of the supreme court of the Fourth department, where the judgment of the trial court was affirmed (43 N. Y. Supp. 418), and judgment upon such appeal duly perfected; whereupon the plaintiff appealed to the court of appeals, giving the usual undertaking to perfect the appeal. Upon application to the special term of Monroe county, after such appeal, the order appealed from was made, and after reciting that a motion had been made upon the return of an order to show cause for the suspension of the operation of the judgment entered, upon the affirmance in the appellate court, describing it, it proceeds as follows: "It is ordered that said motion be, and the same hereby is, granted, and that the operation of the judgment entered herein on the 28th day of December, 1896, be, and the same hereby is, suspended, until the final determination of this action in the court of appeals; and said injunction remain in full force and effect until such final determination, upon condition that the plaintiff execute and deliver to the defendant a bond with two sureties, to be approved by a justice of this court, in the penal sum of five hundred dollars, conditioned for the payment of any damages to the defendant in the case of affirmance which the defendant may sustain by reason of the continued use by the plaintiff of the premises described in the complaint, said bond to be given within ten days of the entry of this order; and, in the event that the plaintiff fails or refuses to give such bond, then this motion is denied, with ten dollars costs to be paid by the plaintiff to the defendant."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

W. A. Sutherland, for appellant.

C. D. Kiehel, for respondent.

WARD, J. The learned judge who granted the order appealed from made a brief memorandum of his decision, and quoted Genet v. President, etc., 113 N. Y. 472, 21 N. E. 390, as authority for the position he assumed. In that case the special term of the New York superior court made an order suspending the operation of a judgment during the pendency of the appeal to the court of appeals on condition of executing a bond to pay such damages as the plaintiff might sustain by reason of the defendant's continuing pending the appeal to do the acts, or any of them, prohibited by the judgment appealed from. The judgment appealed from restrained the defendant from using a shaft, breaker, and structures erected on the plaintiff's lands in mining coal from lands of the defendant contiguous to the lands of the plaintiff, except under certain limitations specified, and also

from depositing, on the surface of the plaintiff's lands, culm from coal mined from other lands than those of the plaintiff. The court in that case held that, as the special term of the superior court had the same power as regarded that action as the special term of the supreme court, there was an inherent power in that court to suspend the operations of a judgment pending an appeal, and that that was a case for a proper exercise of that power; two of the judges not voting. Observe that this was not an attempt to revive a dead injunction, or to give relief by way of injunction pending the appeal, but it was simply staying the operation of an injunction which had become permanent in the judgment in the plaintiff's favor.

In Jackson v. Bunnell, 113 N. Y. 216, 21 N. E. 79, the same court that decided the case last cited (all the judges concurring) passed upon a case more like the one at bar, where there was an appeal from an order of the general term of the court of common pleas of New York, continuing and making permanent a preliminary injunction. The final judgment in the action did not award an injunction, and Finch, J., lays down the law upon the subject as follows:

"On these facts [after reciting them], we are met by the question whether a final and permanent injunction can in any case be granted on motion and by a mere order, when no action between the parties is pending, but both actions covering the controversy have gone to final judgment. [The preliminary injunction restrained the enforcement of another action.] Under the law of this state, there is no authority for such an order. The Code has abolished the writ of injunction, and substituted, as a provisional remedy, an injunction granted by order. Code Civ. Proc. § 602. It can be awarded only in the cases and in the manner specifically prescribed, and is impliedly forbidden in any others. [Citing Fellows v. Heermans, 13 Abb. Prac. (N. S.) 9.] Even where, after judgment, there has been an appeal, the previous temporary injunction is abrogated by the judgment, and any new or further restraint must be contained in the final judgment or order, or cannot be granted at all. Gardner v. Gardner, 87 N. Y. 18; People v. Randall, 73 N. Y. 416; Spears v. Mathews, 66 N. Y. 128. The rule is easily justified on principle. An injunction by order is a provisional remedy, and temporary in its character. It assumes a pending litigation, in which all questions are to be settled by a judgment, and operates only until that judgment is rendered. If, by that, a permanent injunction is granted, the temporary one is, of course, ended, and equally so if a permanent injunction is in the end denied."

In Fellows v. Heermans, supra, the question before us was squarely up. A temporary injunction had been obtained, restraining the defendant from proceeding under certain instruments which the plaintiff claimed were executed under mistake and undue influence, and which instruments provided that the grantee should sell and convey certain lands. The plaintiff's complaint was dismissed upon the trial, and the plaintiff appealed to the general term, and made a motion at special term for a renewal and continuance of the injunction during the pendency of the appeal. The special term made such an order, which was affirmed at the general term, but was reversed by the court of appeals, upon the ground that the supreme court had no power to revive or continue a temporary injunction obtained by the plaintiff after judgment against him in the action, pending his appeal from the judgment.

In Spears v. Mathews, supra, the same question was again up in the court of appeals, and the court in that case held that the court

had no power after judgment against the plaintiff in an action, and pending an appeal by him therefrom, to grant an injunction or to revive or continue a temporary injunction.

The distinction which the cases make is evident. Where the plaintiff has obtained the injunction which the action is brought to secure, the court, on appeal, in a proper case, may suspend its operation; but where the plaintiff has been defeated in his action, and in maintaining his injunction, and it has been dissolved, there is no power in the court to revive it pending the appeal. The judgment in this case denied the relief that the plaintiff sought, and gave costs to the defendant. Upon appeal from that judgment, and on giving the proper undertakings provided by sections 1326 and 1327 of the Code of Civil Procedure, the plaintiff is entitled to a stay of execution pending the appeal; that is the only stay pending the appeal which the plaintiff can have in this action.

The order appealed from should be reversed, with $10 costs and the disbursements of the appeal. All concur.