[No. 5615.]

## J. G. JAMES ET AL. v. JOHN CENTER ET AL.

DISMISSAL—COUNTER-CLAIM. — A judgment of dismissal may be entered by the Clerk of a Court, notwithstanding a cross-complaint has been filed, if the cross-complaint does not set up a counter-claim.

COUNTER-CLAIM. — A matter that does not arise out of the transaction set forth in the complaint, and which is not connected with the subject of the action, does not constitute a counter-claim.

APPEALABLE ORDER.—An order vacating a judgment of dismissal is an appealable order.

APPEAL from the District Court of the Thirteenth Judicial District, Fresno County.

This was an action to establish a trust estate in land, and was commenced before the amendment to sec. 581, which took effect April 26th, 1878. The defendants answered, filing cross-complaints, in which they asked for affirmative relief in having their title quieted. Before the trial, upon the application of the plaintiffs, the Clerk entered judgment of dismissal. Subsequently, upon the motion of the defendants, the Court made an order vacating the judgment of dismissal, and from that order the plaintiffs appealed.

*Stetson & Houghton, McAllister & Bergin,* for Appellants, argued that the dismissal was correct, inasmuch as the defendants did not set up a counter-claim. (C. C. P. sec. 581, subd. 1.)

*P. G. Galpin,* for Respondents, replied that to determine whether a pleading sets up a counter-claim or not is the exercise of judicial power. The act of the Clerk, who is a ministerial officer, in entering the judgment and deciding, that there

was no counter-claim, was an illegal act. He cited *Stearns* v. *Aguirre*, 7 Cal. 449; *Kelly* v. *Austin*, 17 Cal. 565: *People* v. *Loewy*, 29 Cal. 265.

By the COURT: .

The judgment of dismissal in form, entered by the Clerk, was properly entered, inasmuch as no counter-claim had been made. (C. C. P. 581.)

The matters set forth in the cross-bills, so called, did not constitute a counter-claim, because not arising out of the transaction set forth in the complaint, and not connected with the subject of the action. (C. C. P. sec. 438, subd. 1.)

The order appealed from was an order made after judgment, and therefore the subject of appeal.

The order setting aside the judgment was erroneous, because the plaintiff had the right to dismiss the action in the absence of a counter-claim.

Order reversed.