[Department One. — May 30, 1883.]

## C. A. KENNEY ET AL., APPELLANTS, *v.* DANIEL KELLEHER ET AL., RESPONDENTS.

PRACTICE — RENEWAL OF MOTIONS. — Leave to renew a motion may be given after the original motion is denied, and the granting or refusal of leave is within the legal discretion of the court, and will not be interfered with except in case of abuse; and it is not an abuse to grant leave upon the same facts more fully stated.

ID. — LEAVE TO RENEW MAY BE GRANTED AT CHAMBERS. — The judge may at chambers grant leave to renew the motion.

APPEAL from an order of the Superior Court of the city and county of San Francisco vacating and setting aside a default and judgment.

Judgment by default was entered against the defendant Catharine Kelleher, and she moved the court to set aside the default and judgment, which motion the court denied. Subsequently she renewed the motion, and the following order was written upon the notice of motion: "Good cause being shown therefor, on motion of Sullivan and Severance, attorneys for defendant Mrs. C. Kelleher, it is ordered that the time of service be shortened, and that the motion therein specified be heard at the time and place therein named, April 27th, 1880.

"M. A. EDMONDS, Judge."

This order was made at chambers. The court granted the motion and set aside the default and judgment with leave to answer, and the plaintiff appealed from the order.

*Pillsbury & Titus*, for Appellants.

The decision of the first motion became the law of the case on all points involved therein. The only legal remedy for the losing party was an application to renew upon the ground of facts discovered after the determination of the first motion, or an appeal. (*Lang* v. *Specht*, 7 Pac. C. L. J. 236.)

A motion cannot be renewed without leave of the court. (*Ford* v. *Doyle*, 44 Cal. 635; *Bowers* v. *Cherokee Bcb*, 46 Cal. 279; *Reed* v. *Allison*, 54 Cal. 490; *Mitchell* v. *Allen*, 12 Wend. 290; *Dwight* v. *St. John*, 25 N. Y. 203; *Pierce* v. *Kneeland*, 9 Wis. (s. p.), 33, 34; *Ray* v. *Connor*, 3 Ed. Ch. 478; *Dodd* v. *Astor*, 2 Barb. Ch. 396; *Bellinger* v. *Martindale*, 8 How. Pr. 113; *Re Brockway*, 14 The Reporter, 454.)

Leave to renew could only be granted by the *court*, and not by the judge at chambers. (*Dollfus* v. *Frosch*, 5 Hill, 493, 495.)

Leave will not be given to renew a motion to enable a party to insist on facts known to him, but not relied on at the first hearing. It must be upon newly discovered facts. (*Pattison* v. *Bacon*, 21 How. Pr. 478; *Lovell* v. *Martin*, 21 How. Pr. 238; *Schlemmer* v. *Myerstein*, 19 How. Pr. 412.)

*Philip G. Galpin, W. S. McPheeters,* and *John Coffey,* for Respondents.

Applications to open defaults are addressed to the legal discretion of the court, and unless there is a plain case of an abuse of this discretion, the Supreme Court will not interfere. (*Coleman* v. *Rankin,* 37 Cal. 247; *Watson* v. *S. F. and H. B. R. R. Co.* 41 Cal. 17; *Santa Barbara L. S. Co.* v. *Thompson,* 46 Cal. 63.)

PER CURIAM. — Leave to renew a motion may be given after the original motion is denied, and when given may be acted upon. In this case there must necessarily have been an application to the court for leave to renew the motion, and the application must have been granted. This is evident from the fact that the court entertained the motion for an order to show cause, and afterward, when the principal motion came on to be heard, entertained and granted it against the objections of the opposite party. (*Bowers* v. *Cherokee Bob,* 46 Cal. 286.)

It is insisted that leave to renew can only be granted by the *court,* and not by a judge in chambers. But a judge of the Superior Court may, at chambers, grant all orders which are usually granted upon *ex parte* application. (Code Civ. Proc. § 166.) Orders to show cause are made *ex parte.* The final order was made by the *court.* It was said in *Ford* v. *Doyle,* 44 Cal. 635, that the doctrine of *res adjudicata,* in its strict sense, does not apply to motions made in the course of practice, and the court may, upon a proper showing, allow a renewal of a motion once decided. It is added that this leave will rarely be granted unless it appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented by reason of surprise or excusable neglect.

But this is not a determination that leave may never be granted upon the same facts more fully stated. The granting or refusing of leave to renew the motion is within the legal discretion of the court, which we ought not to interfere with except in case of abuse.

No point is made by appellants as to the sufficiency of the affidavit of the defendant as an "affidavit of merits."

Upon the affidavits and proffered answer of the applicant we cannot say the court below erred in granting the motion to set aside the default judgment.

The portions of the testimony objected to were not entirely irrelevant.

Order appealed from affirmed.