[No. 11367. In Bank. — December 30, 1886.]

## GEORGE LANG, Petitioner, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Justice's Court — Appeal to Superior Court — Judgment on Demurrer — New Trial — Rehearing. — In an action brought in a Justice's Court, a final judgment was rendered in favor of the defendant on a demurrer to the complaint. The plaintiff thereupon appealed to the Superior Court, where the demurrer was again sustained without leave granted to amend. Thereafter the plaintiff moved for a new trial, and subsequently filed a proposed statement. The motion was, on due notice given by the defendant, stricken off the calendar. *Held,* that the action of the court was equivalent to a denial of the motion, and that the court could not afterwards set its ruling aside and grant a rehearing of the demurrer.

APPLICATION for a writ of review. The facts are stated in the opinion of the court.

*F. J. Castelhun,* for Petitioner.

*Carl T. Graef,* for Respondent.

MORRISON, C. J.—The following statement of facts in this case is admitted to be true and correct:—

On January 9, 1882, Holcomb *et al.* brought an action in the Justice's Court of the city and county of San Francisco against George Lang, the petitioner herein. He demurred to the complaint, and the demurer was sustained; the plaintiff declined to amend, and judgment final was entered on the demurrer, whereupon an appeal was prosecuted by the plaintiffs in said action to the

Superior Court, and on the eighth day of May, 1882, said Superior Court (Judge Allen presiding) sustained the demurrer without leave to amend. On September 29, 1884, plaintiff in that action gave notice of a motion for a new trial, and on October 8, 1884, filed a proposed statement. On November 7, 1884, said motion was, on due notice given, stricken off the calendar. This was equivalent to a denial of the motion. (*Voll* v. *Hollis*, 60 Cal. 569.) On November 14, 1884, plaintiff gave notice of a motion for a rehearing of the issue presented by a demurrer of defendant to the complaint of plaintiff's interposed in the Justices' Court in said action, and of the issue or question of law upon which plaintiff rested the appeal in said action. On December 12, 1884, the motion was granted by the successor of Judge Allen, whose term had expired. On March 26, 1885, the same judge made an order overruling the demurrer, and on April 1, 1885, the court made two additional orders in the case, reversing the judgment of the lower court, and also an order remanding the cause to the lower court for a new trial.

An application is now made to this court for a writ of review on the facts hereinabove set forth.

In the first place, the demurrer to the complaint was sustained by the Superior Court (Judge Allen presiding) on the eighth day of May, 1882, and "it therefore became the duty of the clerk to enter the appropriate judgment in the records of the court." (*Gallardo* v. *Reed*, 49 Cal. 346; *Barron* v. *Deleval*, 58 Cal. 95.) This would have ended the case, but it appears that subsequently on the eighth day of October, 1884, a proposed statement on motion for a new trial was filed in the case, which statement was afterward, on due notice, stricken from the calendar. The next step in the case was taken on November 14, 1884, when notice was given of a motion for a rehearing of the demurrer to the complaint "upon which rested an appeal in the action,"

which rehearing was granted by the successor of Judge Allen. This was on December 12, 1884, more than two years after the demurrer was sustained and the case stricken from the calendar, on motion for a new trial.

When a motion for a' new trial is made and passed upon, either granted or denied, it is not competent for the court afterward to set its ruling aside and make another order in the case. (*People* v. *Center*, 61 Cal. 194; *Coombs* v. *Hibberd*, 43 Cal. 453.) The subsequent orders in the case were equally unauthorized by law.

It follows from what has been said that the order of the court below, made December 12, 1884, granting the so-called " rehearing," and the subsequent orders in the case, must be set aside and annulled, and it is so ordered.

McKEE, J., THORNTON, J., and SHARPSTEIN, J., concurred.

Rehearing denied.