[Civ. No. 1609.   Third Appellate District.—November 14, 1918.]

## W. A. OWEN, Respondent, v. CROCKER-HUFFMAN LAND AND WATER COMPANY (a Corporation), Appellant.

NEW TRIAL—MODIFICATION OF ORDER—JURISDICTION.—A trial court has no power to revoke, modify, or otherwise disturb an order granting a new trial after it has once been regularly entered, except upon a proper showing that it has been entered prematurely or by inadvertence.

ID.—INADVERTENCE.—Misapprehension as to the nature and extent of the testimony or the effect of the testimony is not inadvertence.

APPEAL from an order of the Superior Court of Merced County.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

James F. Peck and Charles W. Byrnes, for Appellant.

F. P. Tuttle and J. J. Griffin, for Respondent.

CHIPMAN, P. J.—The action was commenced to recover damages for land overflowed by an alleged negligently con-

structed and maintained canal. The cause was tried by the court with a jury, and, on July 1, 1916, the jury rendered a verdict for plaintiff in the sum of $4,611. Judgment on the verdict was rendered on the same day and was recorded July 3, 1916. On July 7th, defendant duly served and filed its motion for a new trial. The motion came on to be heard, was argued and submitted and the court made the following order: "Motion for new trial having been heretofore argued and submitted, it is ordered that the said motion [be] and the same is hereby granted, unless plaintiff consents to a reduction of the verdict, as follows, to wit: all in excess of twenty-one hundred fifty-one and 25/100 dollars and costs must be remitted by plaintiff to defendant or a new trial is granted."

On September 19, 1916, the court made the following order: "It is ordered that the order heretofore entered, to wit: on Sept. 18th, relative to motion for new trial in the above entitled action, be and the same is hereby changed and modified to correct a mistake arising through inadvertence incorrectly recalling the testimony of plaintiff and other witnesses, and that the following be and is the order of said court: That unless the plaintiff files his written acceptance in this court of a reduction of the judgment heretofore entered in said cause in the sum of forty-six hundred and eleven dollars ($4,611), and five hundred and seventy-four and 05/100 ($574.05) dollars costs of suit, to the sum of twenty-seven hundred and eighty-eight ($2,788) dollars and five hundred seventy-four and 05/100 ($574.05) dollars costs of suit, the motion for a new trial be granted, and in the event of the filing of said written acceptance, it is ordered that said motion for a new trial be denied."

The second order was made *ex parte* without notice to defendant, apparently on the court's own motion. The first order was not consented to nor was it accepted by plaintiff, but, on September 19, 1916, plaintiff filed notice of his consent "in accordance with the order entered on motion for a new trial in said cause, on the nineteenth day of September, 1916." It appeared that defendant had no intimation that the court contemplated making the second order until September 27, 1916, when "defendant was preparing the records for the appeal herein, on the last day allowed by law for giv-

ing notice to have the record prepared and certified, under the provisions of law.''

Defendant served and filed its notice of motion to set aside the said order of September 19, 1916. Said motion came on to be heard October 16, 1916, on the records in the case and on the affidavit of defendant's attorney, in which the facts above set forth were stated, and, on the same day, to wit, October 16, 1916, the court denied the motion. Defendant appealed from the judgment; also from the order made and entered October 16, 1916; also from the order made and entered September 19, 1916; also from the order made and entered September 18, 1916.

In *Carpenter* v. *Superior Court,* 75 Cal. 596, [19 Pac. 174] the court said: ''After judgment upon the verdict had been entered and a motion for a new trial had been regularly made and denied, the court below was not authorized to set aside its action for mere error. (Citing cases.) The foundation of this rule is, that the modes in which a decision may be reviewed are prescribed by statute, and the courts are not at liberty to substitute other modes in their place.''

In *Holtum* v. *Grief,* 144 Cal. 521, [78 Pac. 11], two orders were made and the court said: ''The question, then, is as to the power of the trial court to vacate an order granting or denying a new trial after it has once been regularly made and entered. The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the manner prescribed by statute. If they have been entered prematurely or by inadvertence, they may be set aside on a proper showing, and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth; but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion its power is exhausted—it is *functus officio.*'' The foregoing was quoted with approval in *United Railroads* v. *Superior Court,* 170 Cal. 755, 760, [Ann. Cas. 1916E, 199, 151 Pac. 129], where the court also said: ''Nothing is more firmly settled in this state than the doctrine that the superior court may not revoke, modify, or otherwise disturb its judgments and orders regularly made in pursuance of plain statutory provision, where the statute prescribes the method by which such judgments

and orders may be reviewed, except as authorized by statute.'' (Citing cases.)

The contention of appellant is that the first order was duly entered after hearing and argument; that there was no clerical mistake or misprision and no inadvertence in making the order; that the order was not consented to or accepted by plaintiff and by its terms a new trial was therefore granted. The only exception to the rule as laid down in the cases is where the judgment or order ''has been entered prematurely or by inadvertence,'' as stated in *Holtum* v. *Grief, supra.* The second order recited that the first order is modified ''to correct a mistake arising through inadvertence incorrectly recalling the testimony of plaintiff and other witnesses.'' Misapprehension as to the nature and extent of the testimony or of the effect of the testimony is not inadvertence. To warrant a practice by which the trial court, after an order has been regularly and deliberately entered, could after reflection for a day re-examine or recall the testimony and reach a different conclusion and set aside his order thus regularly and deliberately made, would introduce a most dangerous rule. The reason for making the order can mean nothing less than that upon a re-examination of the testimony the court has reached a different conclusion. The court added to the amount of recovery the substantial sum of $637.75, and this without notice to defendant. If, as has been held, orders or judgments may be set aside when entered prematurely or by inadvertence, it should be, it seems to us, on a proper showing. ''The term 'inadvertence,' in code sections 4501, 4502, allowing the supreme court after the term to vacate or correct mistakes in judgments given through inadvertence or oversight, does not apply to any judgment which was given upon the deliberate consideration and judgment of the court, though the court may have since adopted a different ruling as correct. It will be seen that the case provided is where judgment is given through inadvertence or oversight, *and not where an opinion is formed from inadvertence and oversight.*'' (*Russell* v. *Colyer,* 51 Tenn. [4 Heisk.] 154, 176; 4 Words and Phrases Judicially Defined, p. 3489.)

*Wiggin* v. *Superior Court,* 68 Cal. 398, [9 Pac. 646], cited by respondent, is not applicable, for that was a collateral attack upon the decree. *Baker* v. *Fireman's Fund Ins. Co.,* 73 Cal. 182, [14 Pac. 686], is relied on by respondent. In

that case it appeared that "the motion [for a change of the place of trial] was at first granted, but on the following day the order granting the change as asked for was set aside upon the ground that it 'was inadvertently made,' and an order made denying such motion." The report of the case does not show what proceedings took place in the trial court or under what circumstances the order was made. All that appears is that an appeal was taken from the order and the point made in the supreme court that the second order was void. *Wiggin* v. *Superior Court, supra,* is cited in the opinion as having decided the question adversely to appellants' contention. But in that case the attack was collateral. *Hall* v. *Polack,* 42 Cal. 218, is also cited in the opinion, but that was a case where the decree was prematurely made. We infer from the opinion that the court treated the reason for making the second order, to wit, inadvertence, either as having been shown or as falling under the rule that all intendments will be indulged in support of the order or judgment of a court of general jurisdiction.

We think defendant's right to a new trial, contingent upon plaintiff's failure to consent to or accept the order first made, was as sacred as plaintiff's right to a denial of a new trial upon his performance of the condition. In the present case, the order was that the motion for a new trial be granted "unless plaintiff files his written acceptance in this court of a reduction of the judgment," etc. Plaintiff did not file any acceptance under this order. The order, therefore, became operative granting defendant a new trial.

The judgment and the order appealed from are reversed and the cause remanded for a new trial. It is further ordered that the cause be heard on the testimony and evidence, or such parts thereof as the parties may desire to introduce, submitted at the former trial, and upon such further evidence as the parties, or either of them, may deem proper to offer.

Hart, J., and Burnett, J., concurred.