[Civ. No. 3442.   First Appellate District, Division Two.—April 28, 1920.]

MARGARET   CATHERINE   DOLAN, Petitioner,   v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] JUDGMENTS—MOTION TO VACATE—GROUNDS.—A motion to vacate a judgment on the ground that the conclusions of law are not consistent with, nor supported by, the findings is permissible under sections 663 and 663a of the Code of Civil Procedure.

[2] ID.—ENTRY THROUGH INADVERTENCE—RELIEF.—Relief from judgments entered through inadvertence, surprise, or excusable neglect must be sought by a motion made under section 473 of the Code of Civil Procedure.

[3] ID.—OMISSION TO ENTER ORDER—ENTRY NUNC PRO TUNC.—Where an order is made submitting a motion for a new trial but, through inadvertence, such order is not entered, the court has the power, at a later date, to order that the entry of the order submitting such motion be then entered *nunc pro tunc,* as of the previous date.

[4] ID.—NEW TRIAL—DENIAL BY LAPSE OF TIME—SUBSEQUENT ORDER VOID.—The failure of the court to determine a motion for a new trial within three months after notice of entry of judgment has the effect of a denial of the motion, and an order of the court thereafter made purporting to grant a new trial on certain issues is beyond the jurisdiction of the court and void.

[5] ID.—ORDER VACATING JUDGMENT—REVIEW ON APPEAL—POWER OF TRIAL COURT TO VACATE.—Assuming the validity of an order set-

ting aside a judgment in part, it is subject only to be set aside on appeal or under proper proceedings under section 473 of the Code of Civil Procedure. The trial court has not the power, of its own motion and without notice to the parties affected, to make a second order vacating such first order, even though the latter order was inadvertently made.

[6] Id.—Motion to Vacate—Power of Court—Entry of New Judgment.—On a motion under sections 663 and 663a of the Code of Civil Procedure, the only order within the power of the court is one setting aside the judgment and directing as a part of the same order the entry of another judgment. It is from such an order only that an appeal is provided. An order merely setting aside the judgment and leaving the case undetermined is void, and not merely erroneous.

[7] Id.—Void Order Setting Aside—Power of Court to Vacate.—A trial court may, of its own motion and without notice to the parties affected, make an order vacating a previous order, made on a motion under sections 663 and 663a of the Code of Civil Procedure, purporting to set aside a judgment in part, where the latter order did not direct what judgment should be entered.

PROCEEDING in Certiorari to review an order of the Superior Court of the City and County of San Francisco, George A. Sturtevant, Judge, granting a new trial and an order vacating the judgment. Orders annulled.

The facts are stated in the opinion of the court.

Raine Ewell for Petitioner.

Jos. L. Taaffe for Respondents.

BRITTAIN, J.—The petitioner, wife of William Lawrence Dolan, joined as one of the respondents here, was granted an interlocutory decree of divorce on the ground of extreme cruelty. By the decree certain provision was made for the maintenance of four minor children and certain community property was set aside to the wife. The decree also determined that other real property, the title to which it is averred stood of record in the name of the wife, was her separate property. The decree was made and entered on November 14, 1919, and thereafter on November 28, 1919, notice of motion for new trial was served and filed. [1] On the same day a single notice of motion to vacate the

judgment was served. Two grounds were specified, the first being that the conclusions of law were not consistent with, nor supported by, the findings; and the second, that the findings were signed inadvertently in that they were not first presented to the defendant or his counsel. A motion to vacate the judgment, based on the first ground, was permissible under sections 663 and 663a of the Code of Civil Procedure. Those sections do not provide for setting aside a judgment on the ground of inadvertence. [2] Relief from judgments entered through inadvertence, surprise, or excusable neglect must be sought by a motion made under section 473 of the Code of Civil Procedure. The record here does not show what the moving papers were nor what showing was made when the motions were presented.

Both motions, together with a cross-motion for additional attorney's fees, were presented to the court on January 30, 1920, the case having been transferred from the department of the superior court in San Francisco where it was first tried to another department presided over by a different judge.

The minute order made on January 30, 1920, did not mention the presentation or submission of the defendant's motion for a new trial. It stated that the defendant's motion to vacate the judgment was submitted and taken under consideration and that the plaintiff's motion for counsel fees was similarly submitted. On February 13, 1920, a minute entry was made. It recited that the court having considered and being fully advised concerning defendant's motion to vacate the judgment it is ordered that the motion be granted as to the property rights of the parties. If the court had considered that motion as one made pursuant to section 473 of the Code of Civil Procedure on the ground of inadvertence in the signing of the findings, the order would necessarily have set aside the entire judgment. Since it was limited to that portion of the judgment relating to the property rights, it must have been considered by the trial court as having been made under sections 663 and 663a of the Code of Civil Procedure. It is to be noted that this order did not direct the entry of any other judgment. It was also ordered that plaintiff's motion for counsel fees be denied. There was no reference to the motion for new trial.

On February 25, 1920, two minute orders were made, the first reading: "It appearing to the satisfaction of the court that the order heretofore made herein on the thirtieth day of January, 1920, to wit: Submitting the defendant's motion for a new trial having been inadvertently not entered, it is by the court ordered that the entry of said order be made this day *nunc pro tunc,* as of the thirtieth day of January, 1920. And it is further ordered that said defendant's motion for a new trial be, and the same is hereby, granted as to the property rights of the said parties to the said action, otherwise said defendant's motion stands denied, and it is further ordered that said order be entered this day *nunc pro tunc* as of February 13, 1920."

[3] The first clause of this order was clearly within the power of the court, which may always correct its minutes so that they shall speak the truth. (*Garoutte* v. *Haley,* 104 Cal. 497, [38 Pac. 194].) Assuming that there was a mere ministerial inadvertence in omitting the order of submission of the motion for a new trial, it does not appear that the judicial function of determining that motion was exercised in any way until February 25, 1920. [4] This was more than three months after the service of notice of the entry of the judgment on November 19, 1919. The failure of the court to determine the motion for a new trial before the expiration of the statutory period had the effect of a denial of the motion. (Code Civil Proc., sec. 660; *Estate of Waters,* 181 Cal. 584, [185 Pac. 951]; *San Francisco etc. Rys.* v. *Superior Court,* 172 Cal. 544, [157 Pac. 604].) It is stated in the affidavit of the attorney for the respondent Dolan that on February 13, 1920, the court made and gave its order granting the motion for a new trial as to the property rights of the parties. This statement contradicts the order of February 25th. If the trial court in fact made the order granting the new trial on February 13th and by the later order sought only to correct the inadvertence of the clerk, it would no doubt have said so as it did in regard to the order of submission, and it would not in terms and by the most apt language have made a new order granting a new trial nor ordered the new order to be entered *nunc pro tunc.* On *certiorari* this court is bound by the record, particularly when, as here, the respondent court and judge stand upon it. (*City of Los Angeles* v. *Young,* 118 Cal. 295, [62 Am. St.

Rep. 234, 50 Pac. 534]; *Borchard* v. *Board of Supervisors,*
144 Cal. 14, [77 Pac. 708].) Upon the record before this
court it is concluded that the order of February 25th in
so far as it purported to grant a new trial on certain issues
was beyond the jurisdiction of the superior court and void.
The motion for a new trial was terminated by the expiration
of the time limited for its consideration.

What has been said concerning the ineffectiveness of the
affidavit to contradict the record certified gains force in
considering the effect of another order made on February
25th. It is as follows: "It appearing to the satisfaction of
the court that the order heretofore made and entered on
the 13th day of February, 1920, to wit: Granting the de-
fendant's motion for an order vacating the judgment and
decree heretofore entered herein and based on the findings
of fact made by said court, as to the property rights, having
been inadvertently made, it is by the court ordered that
said order be and the same is hereby vacated and set aside,
and it is further ordered that said defendant's motion . . .
be and the same is hereby denied, and it is further ordered
that said order be entered this day *nunc pro tunc* as of Feb-
ruary 13, 1920." A reading of this order in connection with
the order purporting to grant a new trial can leave no
doubt upon the question concerning what orders were made
on February 13th, nor that when the court reconsidered
them on February 25th the judge concluded and quite clearly
stated that he made the order vacating the judgment and
did not make the order granting a new trial on February
13th, although he may have intended to do just what he
attempted to do on February 25th.

Because of the action of the trial court in making the
order purporting to vacate the order setting aside the judg-
ment in part, it is deemed proper for the information of the
trial court and of counsel to state the views of this court in
regard thereto, in order that there may be no misconception
of the effect of this decision. The second order purporting
to set aside the order vacating the judgment was invalid if
the first order be considered as having any effect. [5] As-
suming the validity of the first order, it was subject only to
be set aside on appeal or under proper proceedings under
section 473 of the Code of Civil Procedure. After a court
has acted judicially it may not seek to correct its own errors

by changing its judgments and orders without notice to the parties affected. Such action would very shortly deprive all judgments of their character of finality. (*Lang* v. *Superior Court,* 71 Cal. 491, [12 Pac. 306, 416] ; *Carpenter* v. *Superior Court,* 75 Cal. 596, [19 Pac. 174] ; *Holtum* v. *Grief,* 144 Cal. 521, [78 Pac. 11] ; *United Railroads* v. *Superior Court,* 170 Cal. 760, [Ann. Cas. 1916E, 199, 151 Pac. 129] ; *Gill* v. *Peppin,* 41 Cal. App. 487, [182 Pac. 815].) If the order was improvidently made, upon a proper showing and on notice it may be set aside, but the court cannot without notice and upon no showing justify a review of its own judicial act by a mere recital that it made the first order inadvertently. In this case there does not appear to have been either notice given the petitioner of the contemplated action of the court or any showing of inadvertence other than that the trial court determined on second thought that it was in error when it first acted. If the first order was a valid exercise of the power of the court, under section 663 of the Code of Civil Procedure the second order was beyond the jurisdiction of the court.

The validity of the order vacating the judgment depends upon whether or not it is within the powers defined in sections 663 and 663a of the Code of Civil Procedure. Without the decision it is impossible to determine whether this objection to the judgment was well taken or not, and in support of the action of the trial judge, for the present purpose it must be assumed that it was. It does not follow however, that the order vacating the judgment was within the jurisdiction of the trial court. Section 663 of the Code of Civil Procedure provides that a judgment may be set aside and another and different judgment entered when the findings do not support the conclusions of law, and, that when the judgment is set aside, the conclusions of law shall be amended and corrected. (Code Civ. Proc., sec. 663.) The notice of motion is required to specify the particulars in which the conclusions of law are not consistent with the findings, and an order granting the motion may be reviewed on appeal. (Code Civ. Proc., sec. 663a.) These code provisions are consistent with the rule that litigation must not be piecemeal. If the original judgment is correct, the party in whose favor it was is entitled to have it enforced, and, if it is not supported by the findings, the other party is entitled

to have another and correct judgment entered. In either case the loser is given the right of appeal. The code sections do not permit two motions to be made, nor two orders, one setting aside the judgment and another at a later day directing the entry of a different judgment. [6] If on the motion it appears to the court that the findings require the judgment to be set aside, it must also appear what conclusions of law should be made on the facts, and the only order within the power of the court under these circumstances is one setting aside the judgment and directing as a part of the same order the entry of another judgment. It is from such an order only that an appeal is provided. An order merely setting aside the judgment and leaving the case undetermined is void and not merely erroneous. Any other rule might lead to interminable delays and the loss of important rights by litigants. On such a motion the court has no power to consider or determine any matter except what judgment should be entered upon the facts as found. (*Swift* v. *Occidental etc. Co.,* 141 Cal. 166, [74 Pac. 700]; *Dahlberg* v. *Girsch,* 157 Cal. 325, [107 Pac. 616]; *Hole* v. *Takekawa,* 165 Cal. 372, [142 Pac. 445].) [7] A void order may be swept aside whenever it comes before a court, and the order vacating the judgment without directing what judgment should be entered was such an order. Upon the present state of the record the original judgment stands unaffected by the subsequent proceedings, unless it be modified or set aside on appeal or in some other way permitted by the statutes.

The order granting the new trial and the order vacating the judgment respectively are annulled.

Langdon, P. J., concurred.

Nourse, J., having rendered the judgment attacked in the proceeding herein reviewed, did not participate in the decision.