[Civ. No. 6733. First Appellate District, Division Two.—October 30, 1929.]

BALDWIN VALE, Appellant, v. MARYLAND CASUALTY COMPANY (a Corporation), Respondent.

Roy L. Dailey for Appellant.

John Ralph Wilson for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the plaintiff from an order of the Superior Court in and for the City and County of San Francisco vacating four separate judgments in a consolidated action involving eleven different mechanic's lien cases; also, an appeal from two other *ex parte* orders of the trial judge.

The facts are not in serious dispute ·and are briefly these: On February 20, 1926, Alexander G. Mattson, a contractor and builder, entered into a written contract with one G. P. Anderson, wherein and whereby Alexander G. Mattson. agreed to construct a building for said G. P. Anderson on

the southwest corner of Mission and Santa Marina Streets, in the City and County of San Francisco, for the sum of $17,200; said sum to be paid in installments as the work progressed.

The usual contractor's statutory bond, in the sum of $8,600, was furnished by respondent, Maryland Casualty Company, and the contract and bond were filed of record and the work begun. Thereafter, the building was completed and accepted by the owner, but the contractor failed to pay for all the labor performed and materials furnished in the erection of said building as provided in said contract.

Several claims of liens were filed in due time and eleven separate actions were commenced against the contractor, the owner and the respondent Maryland Casualty Company, to foreclose said liens. The contractor permitted default to be taken against him in all of the cases. The owner and the respondent Maryland Casualty Company filed separate answers in all the cases.

On December 13, 1927, the owner and the Maryland Casualty Company filed judgments by confession in open court. Thereafter, and on December 22, 1927, the court granted a stay of execution for thirty days on said judgments.

On February 15, 1928, the attorney for the Maryland Casualty Company served and filed a notice of motion under section 473, of the Code of Civil Procedure, to vacate said judgments on the grounds: First, that the judgments were entered in violation of the stipulation between the attorneys in said cause; second, "Surprise." This motion was accompanied by the affidavit of the attorney for the bonding company, and came on regularly to be heard in open court on February 29, 1928, at 10 o'clock A. M. The attorney for the assignee of plaintiffs filed points and authorities in opposition to said motion and also appeared at the hearing and opposed the granting of said motion. The attorney for the bonding company, the moving party, did not appear at the hearing, and the court made and entered the following order, to wit, "Motion to vacate judgment denied." After the entry of this order, and in the afternoon of the same day, the trial judge, in chambers, *ex parte, and without notice to the attorney for the opposing side,* and without any additional affidavits or other evidence, made an order setting

aside the order made in the morning and set the original motion for argument on March 8, 1928, at 2 o'clock P. M.

Thereafter, on March 1, 1928, the attorney for respondent served written notice upon the attorney for the assignee of plaintiffs that the court had vacated the previous order made in the morning of the same day, denying the Maryland Casualty Company's motion to vacate said judgments, and that the original motion would be heard again on March 8, 1928, at 2 o'clock P. M.

On March 8, 1928, the second hearing on the motion to vacate said judgments by confession was argued by counsel on both sides, and an amended affidavit was filed by the attorney for respondent, and an affidavit in opposition thereto was filed by the attorney for the assignee of plaintiffs, and the motion was again submitted to the court for decision.

Thereafter, and on April 10, 1928, the court again (the second time) denied said motion of Maryland Casualty Company to have the judgments vacated. On the next day, April 11, 1928, the trial judge, in chambers, *ex parte, and without notice to the adverse party or his attorney,* made another order setting aside and vacating the order made on April 10, 1928, and again gave respondent five days' additional time to reply. On April 16, 1928, the attorney for respondent filed another affidavit in support of the motion to set aside said judgments. Thereafter, and on April 18, 1928, after hearing the matter again, the trial court made an order overruling his two previous orders, and granted the original motion of respondent, Maryland Casualty Company, and entered an order setting aside and vacating the judgments taken by confession.

From this last order vacating said judgments by confession the assignee of plaintiffs appeals. He also appeals from the order of April 11, 1928, setting aside the order of April 10, 1928. He also appeals from the order made on the afternoon of February 29, 1928.

The law is well established that a judgment or order obtained by fraud or mistake may be set aside under section 473 of the Code of Civil Procedure when the application is made within a reasonable time and the fraud or mistake proved.

In the case at bar, the motion to vacate the judgments was made under section 473 of the Code of Civil Pro-

cedure, and was made within three months after the judgments by confession had been obtained, and was made on proper notice and submitted to the court upon the affidavit of the attorney for the moving party, and upon the points and authorities submitted by the opposing side. Therefore, the court had full jurisdiction to hear and determine the motion and the court did, as above stated, on the morning of February 29, 1928, at 10 o'clock A. M., hear said motion and did make an order denying the said motion of Maryland Casualty Company to vacate said judgments.

We think that all orders made subsequent to this first order are invalid. The trial court having denied the motion after it had been regularly submitted for decision, its power is exhausted; its subsequent orders are *functus officio*. (*Lang* v. *Superior Court,* 71 Cal. 491 [12 Pac. 306, 416]; *Carpenter* v. *Superior Court,* 75 Cal. 596 [19 Pac. 174]; *Holtum* v. *Greif,* 144 Cal. 521 [78 Pac. 11]; *United Railroads* v. *Superior Court,* 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129]; *Gill* v. *Peppin,* 41 Cal. App. 487 [182 Pac. 815]; *Dolan* v. *Superior Court,* 47 Cal. App. 237, 240 [190 Pac. 469]; *Stanton* v. *Superior Court,* 202 Cal. 478, 489 [261 Pac. 1001]; *Estate of Grivel,* 208 Cal. 77 [280 Pac. 122].)

In *Dolan* v. *Superior Court, supra,* the court, in considering a similar situation as we have in the case at bar, said: "Assuming the validity of the first order, it was subject only to be set aside on appeal or under proper proceedings under section 473 of the Code of Civil Procedure. After a court has acted judicially it may not seek to correct its own errors by changing its judgments and orders *without notice to the parties affected.* Such action would very shortly deprive all judgments of their character of finality (citing many cases). If the order was improvidently made, upon a proper showing *and on notice,* it may be set aside, but the court cannot *without notice* and upon no showing justify a review of its own judicial act by a mere recital that it made the first order inadvertently. In this case there does not appear to have been either notice given the petitioner of the contemplated action of the court, or any showing of inadvertence other than that the trial court determined on second thought that it was in error when it first acted. If the first order was a valid exercise of the power of the court,

. . . the second order was beyond the jurisdiction of the court.''

No appeal was taken from the first order of February 29, 1928, and no proceeding to set it aside under section 473 of the Code of Civil Procedure was instituted. The court's action on the afternoon of February 29, 1928, cannot be considered a proceeding under section 473 of the Code of Civil Procedure, because that section provides, in effect, that the relief therein specified may not be given until *after notice* to the adverse party. (*Gill* v. *Peppin, supra.*) *No notice was given.* Said order made on the afternoon of February 29, 1928, purporting to set aside the order made in the morning, was made by the trial judge, *ex parte, and without any showing that the first order was improvidently made or fraudulently obtained, and without notice to the adverse party.* It was, therefore, clearly void. The three other orders made subsequent to February 29, 1928, were equally unauthorized by law.

It is argued by respondent that as it charged the attorney for the assignee of plaintiffs with fraud in procuring the confession of judgments, and that the court finally, upon conflicting evidence, upheld its contention, therefore, the last and final order made by the court, vacating the judgments by confession, should be affirmed. This argument is entirely beside the question; the question here is not whether the first or last order made by the trial court was *right or wrong*, but the question is, Was the first order made on February 29, 1928, a valid and final order? If it was, that ends this case. (See *Lamb* v. *Wahlenmaier*, 144 Cal. 95 [103 Am. St. Rep. 66, 77 Pac. 765]; *Gill* v. *Peppin, supra.*)

We are of the opinion that the first order of February 29, 1928, was a valid and final order and that all subsequent orders were void.

In view of the conclusions we have reached, it becomes unnecessary to discuss the other questions presented in the briefs.

Therefore, the three orders appealed from should be reversed, and it is so ordered.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 29, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1929.

All the Justices present concurred.