[L. A. No. 16863.   In Bank.—February 17, 1939.]

H. A. HARTH, Sr., Respondent, v. WARREN TEN EYCK et al., Defendants; L. E. OLINGER, Appellant.

L. Lee Bernstein for Appellant.

Cummins, McMillan & Cummins for Respondent.

WASTE, C. J.—This cause comes here on motion of plaintiff-respondent for diminution of record.  He seeks to have the reporter's transcript of testimony added to the record heretofore certified by the trial judge.

During the trial of the cause, plaintiff in open court dismissed the action as to defendant Olinger (appellant here). The court thereupon ordered said defendant dismissed with

prejudice, which order of dismissal was entered in the minutes of the court. Plaintiff continued to prosecute his action against the remaining defendants, and the cause was submitted on briefs to be filed. Plaintiff thereupon moved the court, under section 473 of the Code of Civil Procedure, to set aside such dismissal and to reopen the cause for further evidence, which motions were denied. Subsequently, plaintiff moved for a reconsideration of the denial of these two motions. This last motion was granted by the trial court on April 18, 1938. Defendant Olinger has appealed from the order granting this motion.

During the course of the argument before this court, the question was raised as to whether or not the order of the trial court from which Olinger attempted to appeal was, in fact, an appealable order. Section 963, subdivision 2, Code of Civil Procedure, provides, among other things, that an appeal from the superior court may be taken from "any special order made after final judgment". It is appellant's contention that the order under consideration comes within the classification of a special order made after final judgment. With that contention we are in accord. (*James* v. *Center,* 53 Cal. 31, 32; *Robinson* v. *Southland Produce Co.,* 98 Cal. App. 365, 366 [276 Pac. 1036]; *Colby* v. *Pierce,* 15 Cal. App. (2d) 723, 726 [59 Pac. (2d) 1046].)

As to the motion for diminution of record, respondent failed to avail himself of the opportunity to urge inclusion of the material now requested when the transcript was presented to the trial judge for certification, or to have objected to its certification as presented on the ground that the notice to the clerk requesting that a transcript be made up and prepared (Code Civ. Proc., sec. 953a) waived a reporter's transcript of the evidence with the exception of certain designated portions. An order admitting a "Supplemental Transcript" was made by the District Court of Appeal to which the cause was inadvertently appealed, and at a time when that court was without jurisdiction.

The motion for diminution of record is denied.

Shenk, J., Curtis, J., Langdon, J., Edmonds, J., and Houser, J., concurred.