[L. A. No. 16863.   In Bank.—January 2, 1941.]

H. A. HARTH, Sr., Respondent, v. WARREN TEN EYCK
et al., Defendants; L. E. OLINGER, Appellant.

L. Lee Bernstein for Appellant.

Cummins, McMillan & Cummins for Respondent.

SHENK, J.—This is an appeal by the defendant L. E. Olinger from an order setting aside an order dismissing said action with prejudice as to him.

The action was brought to rescind the purchase of royalty interests in an oil well. The defendant Olinger was alleged to be the agent of his co-defendants. Seven defendants, including Olinger, answered and the cause went to trial. After the plaintiff had put on a part of his proof, a recess was taken. Up to that time the defendant Olinger had not been present at the trial. During the recess a conversation took place between the attorney for the plaintiff and the attorney for the defendant Olinger, the result of which was that plaintiff's counsel agreed that if the defendant Olinger would appear as a witness for the plaintiff, plaintiff's counsel would dismiss the action as to him. The minutes of the court for the day show that after certain witnesses other than Olinger had testified on behalf of the plaintiff the court made the following order: "On motion of plaintiff, cause is dismissed as to defendant L. E. Olinger."

Thereafter the trial proceeded. Mr. Olinger was sworn and examined as a witness for the plaintiff. After the introduction of other evidence, the cause was argued and ordered to be submitted on briefs. Before submission of the cause the plaintiff served and filed a notice (1) of motion to reopen the case for the purpose of taking further testimony, and (2) of a motion to set aside the order dismissing the defendant Olinger from the case. The latter motion was made under section 473 of the Code of Civil Procedure and was supported

by the affidavits of Joseph J. Cummins, the attorney for the plaintiff who had conducted the trial, wherein at some length he set forth the conversation between himself and counsel for defendant Olinger during the recess and just prior to making the motion to dismiss Olinger from the case. The affiant, Mr. Cummins, stated that during the recess counsel for Olinger said to him, ''Why do you not dismiss against my client? If you will, I will see to it that he gives your clients a break.'' To which the affiant responded in substance as follows: ''The only break we want from Olinger is that he appear in court and tell the truth, and that is that he did represent himself to the Harths as the agent of Ten Eyck and the Petroleum Supply Company''; that Olinger's attorney thereupon extended his hand to the affiant and stated: ''That is a deal. You dismiss as against Olinger in open court before the noon recess and I will have him in court this afternoon and he will so testify''; that before Olinger went on the witness stand affiant asked him if it were not a fact that by his statements, representations and conduct he represented to the Harths that he was an agent of said defendants Ten Eyck and the Petroleum Supply Company; that Olinger replied in substance: ''That is the truth and I will so testify.''

An affidavit made by H. A. Harth, Sr., averred that Olinger stated to him that he was the agent and acting in behalf of the defendants Petroleum Supply Company, Sam Goldman and Frank Goldman. And an affidavit made by H. A. Harth, Jr., averred that Olinger had made statements to him which would be favorable to the plaintiff's cause.

The affidavit of Cummins averred that because of the dismissal of Olinger from the case the plaintiff was compelled to call him as his own witness and not as an adverse witness under section 2055 of the Code of Civil Procedure; that when Olinger was called as a witness on behalf of the plaintiff he testified contrary to his statements and representations made prior to his being sworn as a witness, denied that he had represented to the plaintiff that he was the agent of the other defendants, repudiated the statements and representations upon which his dismissal from the case was predicated, and thereby prevented and precluded the plaintiff from impeaching him by contrary statements made out of court.

On the motion counter-affidavits were made by Olinger and by his attorney, in which the crucial averments of the plain-

tiffs' averments were drawn in issue. Much was set forth in both sets of affidavits which need not be related. Enough has been said to indicate a very definite conflict in the showing thereby made to the court on said motions.

The motions were denied on March 31, 1938. Eleven days later the plaintiff served and filed a notice of motion to "reconsider" the denial of said motions. Concurrently with the filing of this motion the trial judge made an order extending the plaintiff's time to file his brief on the merits of the cause as tried "until after disposition of the motion of the plaintiff this day filed for the purpose of moving the Court to reconsider the denial of two motions", namely, the motion to set aside the dismissal of Olinger from the case and the motion to re-open and take further testimony. On the hearing of this motion to reconsider, the following minute order was entered: "Said motion is by the Court ordered granted. The order of March 31, 1938, denying the above motions is vacated and set aside and the said motions are granted." This appeal is taken from the minute order last noted.

It was stated in *Harth* v. *Ten Eyck,* 12 Cal. (2d) 709 [87 Pac. (2d) 693], that the order here appealed from was an appealable order. It is argued by the defendant Olinger that since said order was appealable the power of the court was exhausted when it denied the motion to set aside the order of April 18th dismissing Olinger from the case. But the fact that the order of dismissal was appealable would not make an appeal therefrom the exclusive method of attacking it. The trial court on a proper motion, timely made, could set it aside.

That the court had jurisdiction to entertain the motion under section 473 of the Code of Civil Procedure may not successfully be questioned. The burden of the appellant's contention is that having ruled on that motion by denying it, the court thereby lost all power to deal with the subject matter thereof on a motion to reconsider its action, especially in the absence of a showing different from that made on the original motions.

Neither of the objections to the final order on the motions is persuasive. Although the second motion was called a motion to reconsider, the reasonable import of the action of the court, drawn especially from its order of April 11th,

wherein the time for the filing of briefs on the merits of the cause was extended until after disposition of that motion, is that the court considered it a renewal of the motion to set aside its previous order of denial and to grant the original motions. When so construed, the order of April 11th was tantamount to permission to renew the motion to vacate.

With the motion then before it the court had the power to dispose of it and to set aside the order of dismissal. Indeed the dismissal of an entire action might thus be set aside. (*McDonald* v. *Severy,* 6 Cal. (2d) 629 [59 Pac. (2d) 98].) Here one defendant only had been dismissed from the case and the cause on its merits was still pending before the court. It is in much the same situation as the case of *De la Beckwith* v. *Superior Court,* 146 Cal. 496 [80 Pac. 717], where certain defendants had been excluded from the case by orders sustaining their demurrers. A motion was made to vacate said orders and to bring in the same parties as parties defendant. They objected on the ground, among others, that the orders sustaining the demurrers "were in effect *res adjudicata* and the court had no power to set aside or vacate the same, directly or indirectly; that by reason thereof said defendants had been dismissed from the action, and the court had lost jurisdiction over them." The trial court ruled that it had no power to hear the motion. *Mandamus* was successfully invoked to compel the court to exercise its jurisdiction by hearing and disposing of the motion. It is true that in that case it was also held that no showing under section 473 of the Code of Civil Procedure was necessary, if the motion was otherwise well grounded. Here the cause on its merits was likewise still pending and undetermined in the trial court. In the De la Beckwith case this court stated: "In *Richman* v. *Board,* 77 Iowa, 513, 524 [42 N. W. 422, 14 Am. St. Rep. 308, 4 L. R. A. 445], where the court had practically reconsidered its ruling on demurrer, the Supreme Court of Iowa said: 'We are not prepared to hold that if, during the trial of the issues of an action a court becomes convinced of error, he may not correct it. It would be a serious impediment to a fair and speedy disposition of causes if such a rule was to obtain.' "

When the motion to vacate was before the court on the conflicting affidavits already on file, the court's power then

to weigh the conflicts was the same as upon first consideration thereof. In other words, the power of the court to resolve the conflicts was not exhausted by its conclusions on the order of denial, but it had the power to re-examine the evidence and arrive at a different conclusion, if it thought the ends of justice would be best served thereby. Unless an abuse of discretion was committed, the final order of the court should be permitted to stand.

On a survey of the record and a reading of the affidavits, we find no abuse of discretion. The affidavits were sharply conflicting. If those filed on behalf of the plaintiff were to be believed, there was sufficient upon which to base the conclusion that the plaintiff had been misled to his prejudice in connection with his motion to dismiss defendant Olinger from the case. Whether the truth and right of the matter lay with the plaintiff or with the defendant Olinger might not appear so clear on a first examination of the facts presented. A more thorough examination might, and in fact did, lead to a contrary conclusion.

The cases relied upon by the appellant, such as *Stevens* v. *Superior Court*, 7 Cal. (2d) 110 [59 Pac. (2d) 988], *Owen* v. *Crocker-Huffman L. etc. Co.*, 38 Cal. App. 649 [177 Pac. 299], *Dolan* v. *Superior Court*, 47 Cal. App. 235 [190 Pac. 469], and *Vale* v. *Maryland Casualty Co.*, 101 Cal. App. 599 [281 Pac. 1058], are not controlling. It was there held in accordance with the well established rule that the trial court is without power to set aside an order involving judicial action and regularly made, and enter another and different order *without notice* to the adverse party. This is necessarily true whether the second order be made on the same or a different set of facts. The cases so relied upon all recognize that the court has the power to act under appropriate legislative authority, such as section 473 of the Code of Civil Procedure, on *proper notice*. When this is done during the course of the trial the doctrine of *res judicata* does not necessarily apply and the test of the regularity of the court's action on an appeal from the order is, as stated, whether the court has abused its discretion in permitting a renewal of the motion and in arriving at a different conclusion. (*Kenney* v. *Kelleher*, 63 Cal. 442; 2 Freeman on Judgments, 1408, sec. 669.) On the record here presented no abuse of discre-

tion is shown and the conclusion of the trial court should not be disturbed.

The order is affirmed.

Curtis, J., Houser, J., Carter, J., Traynor, J., and Gibson, C. J., concurred.

EDMONDS, J., Dissenting.—I cannot agree with conclusions which have been reached in this case and do not believe that long-settled rules of procedure should be set aside because of what may appear to be the equities in a particular situation.

The case of *De la Beckwith* v. *Superior Court,* 146 Cal. 496 [80 Pac. 717], which is relied upon by my associates as authority for their determination, was decided upon facts quite different from those which are now before the court. There demurrers were sustained by the trial judge, who before rendering a judgment reconsidered and overruled them. The distinction is clear. An order sustaining a demurrer is not a judgment although it may form the basis of a judgment.

On the other hand, a minute order of dismissal is the equivalent of a final judgment which disposes of the action. (*Southern Pac. R. R. Co.* v. *Willett,* 216 Cal. 387 [14 Pac. (2d) 526].) And when the action has been dismissed with prejudice by agreement of the parties in open court, it is presumed that the parties meant it to be a final adjudication of the cause so as to bar further litigation upon the same issues. (*Breznikar* v. *T. J. Topper Co.,* 23 Cal. App. (2d) 298 [72 Pac. (2d) 895]; *Merritt* v. *Campbell,* 47 Cal. 542; *McCord* v. *Martin,* 47 Cal. App. 717 [191 Pac. 89]; see *Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal. (2d) 47 [92 Pac. (2d) 804].)

A dismissal with prejudice has also been held to have the same effect as a common-law *retraxit.* (*Lamb* v. *Herndon,* 97 Cal. App. 193 [275 Pac. 503].) It is considered to be the same as any other judgment and may be vacated upon a motion made pursuant to the provisions of section 473 of the Code of Civil Procedure (*McDonald* v. *Severy,* 6 Cal. (2d) 629 [59 Pac. (2d) 98]) and this court recently decided that the order now under review is a special one made after final judgment from which an appeal lies. (*Harth* v. *Ten Eyck,* 12 Cal. (2d) 709 [87 Pac. (2d) 693]. See, also, *James*

v. *Center,* 53 Cal. 31; *Colby* v. *Pierce,* 15 Cal. App. (2d) 723 [59 Pac. (2d) 1046].)

The rule is well settled that a court may correct a clerical error in an order previously made because such correction is not a judicial act but a change of language to make the record speak the truth. (*Estate of Soboslay,* 4 Cal. (2d) 177 [47 Pac. (2d) 714].) So, also, an order may be vacated when made prematurely or through inadvertence (*Holtum* v. *Grief,* 144 Cal. 521 [78 Pac. 11]; *Owen* v. *Crocker-Huffman L. etc. Co.,* 38 Cal. App. 649 [177 Pac. 299]) as this presents no question of judicial review upon the merits. The situation is far different, however, when, as in the present case, the court has made an order denying a motion regularly submitted for decision. Under such circumstances, the order previously made may not be set aside when the only reason for so doing is that the judge has come to a conclusion different from that expressed by the order previously made. (*Vale* v. *Maryland Casualty Co.,* 101 Cal. App. 599 [281 Pac. 1058]; *Stevens* v. *Superior Court,* 7 Cal. (2d) 110 [59 Pac. (2d) 988].) In the Vale case the order which was reversed was made after a hearing in which the court considered an additional affidavit presented in support of the motion. In the Stevens case this court reviewed the authorities and pointed out that where ''all of the matters before the court at the time of the making of the second order having been considered by it at the time of the making of the first order, it cannot, simply because upon a reexamination of the same matters it has reached a different conclusion, give effect to the second determination of the same issue by modifying or annulling the original order or judgment''.

At one time, the rule of *res judicata* did not apply to decisions upon motions because they did not receive the same consideration as the trials of issues of fact, and there was no right of review in a higher tribunal. However, the right to review a motion was a qualified one. As stated in the early case of *Kenney* v. *Kelleher,* 63 Cal. 442, 444, although ''The court may, upon a proper showing, allow a renewal of a motion once decided . . . this leave will rarely be granted unless it appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented by reason of surprise or excusable neglect. But this is not a determination that leave may never be granted upon

the same facts more fully stated. The granting or refusing of leave to renew the motion is within the legal discretion of the court, which we ought not to interfere with except in case of abuse.'' Later, the court said that ''in recognition of the authorities generally, and admitting the broad power on the part of the trial court to entertain successive motions with regard to the decision either of a disputed matter of fact, or matter of law dependent upon the fact thus established, the further conditional principle has been declared that ordinarily leave to renew a motion should be predicated upon the assumption that at the hearing thereof the moving party can and will produce material and relevant evidence additional to that which he presented on the hearing of the former motion and that the facts which gave rise to such additional evidence either occurred after the date of such former hearing, or that they were not presented at that time 'by reason of surprise or excusable neglect of the moving party'.'' (*Tiffany Productions, etc.,* v. *Superior Court,* 131 Cal. App. 729, 734 [22 Pac. (2d) 275].)

Under our present procedure, there is no justification for allowing a party who has had a full hearing on a motion, with a right of review in a higher court, to renew the same motion on the same facts. And even when the doctrine of *res judicata* was not applied to orders made upon motion with the same strictness as to judgments, it was uniformly held that it was a clear abuse of judicial discretion for a court to reach a different conclusion upon a renewal of a motion or upon a second motion based on identical grounds, particularly when its action on the original motion was reviewable on appeal.

In the present case, the motion to reconsider was not based upon any new facts or a more complete statement of the facts which had been previously considered by the court, and it was not even reargued. Certainly there is nothing in the record to indicate that the trial judge or counsel considered the motion to be a renewal of the one previously made. On the contrary, it was presented and ruled upon as a motion to reconsider the previous ruling. In effect, the court purported to correct judicial error in its disposition of the original motion. Such judicial error, if any, was reviewable on appeal from the order denying the original motion to vacate, for the grounds advanced in support of that motion would not be disclosed or be available on an appeal from the judg-

ment itself, and the order denying the original motion to vacate would therefore come within the exception to the rule which precludes an appeal from an order refusing to vacate where it serves to allow two appeals.

For these reasons, I believe the order granting the second motion should be reversed.