[Civ. No. 12891. First Dist., Div. Two. Sept. 12, 1945.]

ANITA Z. HOWARD, Appellant, v. LINDSAY C. HOWARD, Respondent.

Francis W. Murphy, Torregano & Stark, Remington Low and Charles M. Stark for Appellant.

Walter McGovern and Neil S. McCarthy for Respondent.

STURTEVANT, J.—This is an appeal by the plaintiff from an order refusing to allow her moneys to pay alleged attorney fees and costs in defending an appeal which the defendant has taken from a judgment establishing as a judgment in this state a decree rendered by the Second Judicial District Court of the County of Washoe in the State of Nevada in an action brought by the plaintiff to obtain a decree of divorce. The said California decree was rendered March 3, 1944. Later the defendant appealed. Thereafter the plaintiff filed a notice of motion. In that notice she alleged she would ask an order of court allowing her $5,000 as counsel fees and $500 as and for costs. She also alleged she would base her motion on "all the records and files in the above entitled action, together with the affidavit of plaintiff attached hereto, points and authorities attached hereto and further affidavits or evidence as may be introduced at the time of the hearing of said motion." In the said affidavit so attached to said notice she alleged among other things that she had no moneys, that she desired to defend said appeal, that the defendant had a personal fortune of a value in excess of $3,000,000 and an annual income in excess of $150,000 and that since the first day of December, 1941, she had been dependent upon relatives for the maintenance of herself and her children and had been unable to pay any moneys to her attorneys. Said documents were served on the defendant and he served and filed an affidavit in which he alleged that the plaintiff was not without moneys to pay such alleged costs, that their children were not supported by plaintiff's rela-

tives, that defendant had supported said children from the date they were born, that of the costs thereof $15,920 was paid by defendant's father, C. S. Howard, and the balance $27,882.38 was paid by the defendant, that said C. S. Howard was by an order of court appointed guardian of said children on January 20, 1944, duly qualified and has since acted as such guardian, that the children are in boarding schools; that plaintiff never at any time supported, educated or maintained said children; that $5,000 is not a reasonable sum to pay plaintiff's attorneys and that $500 is not a reasonable sum to pay her costs. Defendant denied he had a personal fortune of $3,000,000 or that he had an annual income in excess of $150,000 and alleged that his income was not in excess of $20,000.

On those affidavits the motion was heard. The trial court, on October 17, 1944, made an order "that the motion of the above named plaintiff and cross-defendant, Anita Z. Howard, for attorney fees and costs heretofore filed herein be and the same is hereby denied." From that order no appeal was taken. On October 27, 1944, the plaintiff served and filed a notice of motion to amend said order. The notice recited said motion would be based on "the motion for an allowance of attorneys' fees and costs heretofore made, the affidavits in support thereof, the order denying the same, this motion, the affidavit in support thereof, plaintiff and cross-defendant's points and authorities in support of said motion, and the records and files of said action." On the same date Mr. Charles M. Stark, one of plaintiff's attorneys, made an "affidavit in support of motion" which we assume is the affidavit above mentioned in that notice. The only allegation of new matter contained in said affidavit was as follows: "That in order to properly present a record to said appellate court, said order denying said motion for attorneys' fees and costs properly should set forth the grounds upon which the court arrived at its conclusion that said motion should be denied." Later the trial court, on December 6, 1944, entered an order reciting no new facts but merely providing: "Said court concludes as a matter of law that counsel fees and costs in such a case as that at bar can, under no circumstances be allowed to plaintiff and cross-defendant in aid of her defense of said appeal and that counsel fees and costs are not legally allowable under the laws of the State of California in the defense of an appeal from a judgment of the court establishing as a

foreign judgment the judgment of a sister state for a divorce and the payment of alimony and support for minor children as same was by said sister state decreed. For that reason, the court has not considered the application of plaintiff and cross-defendant for said fees insofar as her need therefor as a matter of fact is concerned but has hereby passed upon the allowability thereof under any circumstances as a matter of law.''

From that order this appeal was taken. ■ The defendant contends the order appealed from in effect impeached the order dated October 17, 1944, and was invalid. We think the latter order was invalid. The order dated October 17, 1944, was made in response to a written application therefor. From that order no appeal was taken. On December 6, 1944, the trial court made the order appealed from which in effect amends the order dated October 17, 1944. The order last mentioned was based on a written application therefor. That written application set forth no additional facts than were set forth in the preceding application. The latter order set forth no additional facts but it purported to set forth the reasons on which it was based. That was an attempt to cure judicial error and such procedure was not permissible. (*Stevens* v. *Superior Court,* 7 Cal.2d 110, 113-114 [59 P.2d 988]; *Phillips* v. *Trusheim,* 25 Cal.2d 913, 916 [156 P.2d 25].) In that case, at page 916, the court said: '' 'The situation here more closely resembles the cases of *Egan* v. *Egan, supra* [90 Cal. 15 (27 P. 22)]; *Coombs* v. *Hibbard,* 43 Cal. 452, and *Owen* v. *Crocker-Huffman L. & W. Co.,* 38 Cal.App. 649 [177 P. 299], in all of which it was held that, all of the matters before the court at the time of the making of the second order having been considered by it at the time of the making the first order, it cannot, simply because upon a reexamination of the same matters it has reached a different conclusion, give effect to the second determination of the same issue by modifying or annulling the original order or judgment.' (*Stevens* v. *Superior Court, supra;* see, also, *Vale* v. *Maryland Casualty Co.,* 101 Cal.App. 599 [281 P. 1058].)

''In the present case, Judge Thompson, before whom the appellants' action was pending, determined, it must be assumed, that he had the power to enter judgment against Trusheim and his decision was correct. Trusheim's motion was heard by Judge Turrentine of the same court, who ruled that there was no jurisdiction to enter the judgment and

made the order now under review. His action was clearly an attempt to correct a determination which, in his opinion, was rendered by reason of judicial error. There is no showing whatever of judicial inadvertence but the ruling on the motion was made upon the ground that the judgment had been given in disregard of section 581a of the Code of Civil Procedure. Moreover, as in the Stevens case, *supra,* it is neither asserted nor does it appear that, in ruling upon Trusheim's motion, Judge Turrentine had before him any matters not considered by Judge Thompson when he rendered judgment for the appellants.''

In *Holtum* v. *Grief,* 144 Cal. 521, commencing on page 524 [78 P. 11], the court said: ''The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. If they have been entered prematurely, or by inadvertence, they may be set aside on a proper showing (*Odd Fellows' Sav. Bank* v. *Deuprey,* 66 Cal. [168], 170 [4 P. 1173], and cases cited), and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth (*Garoutte* v. *Haley,* 104 Cal. 497 [38 P. 194], and cases cited), but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion its power is exhausted— it is *functus officio.* (*Odd Fellows' Sav. Bank* v. *Deuprey,* 66 Cal. [168], 170 [4 P. 1173]; *Dorland* v. *Cunningham,* 66 Cal. 484 [6 P. 135]; *Lang* v. *Superior Court,* 71 Cal. 492 [12 P. 306, 416]; *Carpenter* v. *Superior Court,* 75 Cal. [596], 597 [19 P. 174]; *Belser* v. *Hoffschneider,* 104 Cal. 455 [38 P. 312].)'' It is clear, therefore, that the order dated December 6, 1944, was void. Notwithstanding that fact the plaintiff had the right to appeal. (*Ivory* v. *Superior Court,* 12 Cal.2d 455 [85 P.2d 894].) However, having appealed and the record being presented to us showing as it does an appeal from a void order, this court has no jurisdiction and will of its own motion dismiss the appeal. (2 Cal. Jur. 746, Appeal and Error, § 434; *Bienenfeld* v. *Fresno Milling Co.,* 82 Cal. 425 [22 P. 1113]; *Pedlar* v. *Stroud,* 116 Cal. 461, 463 [48 P. 371].)

The appeal of the plaintiff is dismissed.

Nourse, P. J., and Goodell, J., concurred.