[Civ. No. 3459. Fourth Dist. Sept. 23, 1947.]

T. W. BURNAM et al., Respondents, v. FRANK W. DeLONG et al., Appellants.

John J. Craig for Appellants.

Bewley, Knoop & Nixon for Respondents.

GRIFFIN, Acting P. J.—This action was commenced in February, 1930, by Ralph S. Bliss and wife, as plaintiffs, to foreclose a mortgage on real property. In September, 1926, defendants Frank W. DeLong and Estelle D. DeLong executed and delivered to plaintiffs a promissory note for $3,000, secured by a mortgage. They defaulted in payment of principal and interest. In addition to these defendants, other defendants were sued by fictitious names. Summons and complaint were duly served on the DeLongs and they defaulted. Defendants Norman Farra and Hilda M. Gray, sued by fictitious names, were likewise served. Defendant Gray filed an answer in propria persona and claimed some interest in the property. Norman Farra did not appear and his default was entered. The default matter was heard on February 27, 1931. There is no record showing that defendant Gray was ever served with notice of trial. The minutes of the court of February 27, 1931, show that ''This cause coming on regularly at this time for trial . . . and no one appearing on behalf of defendants, default as to defendants DeLong is hereby ordered entered. On motion of plaintiffs cause ordered dismissed as to fictitious defendants *not served with summons* . . . Court finds that there is due plaintiffs from defendants'' DeLong the amount prayed for.

On March 4, 1931, the trial judge signed and the clerk entered a decree of foreclosure reciting that summons and complaint had been duly served on all defendants including

Hilda M. Gray; that the time within which they or either of them may appear has expired; that default of each has been duly entered; and "that said action has been duly dismissed as to defendants Norman Farra and Hilda M. Gray." The judgment then provides for the sale of the property under foreclosure proceedings by a commissioner and for a deficiency judgment against the DeLongs. That judgment became final. Over 14 years later, on April 2, 1945, an order was entered in that same case entitled "Order Amending Judgment *Nunc Pro Tunc*," reciting: "It appearing to the court that the judgment heretofore entered by the clerk in the above entitled action, by reason of inadvertence of the court, does not correctly state the judgment of the court; IT IS ORDERED that said judgment and the record thereof be amended, *nunc pro tunc,* in the following respects: Paragraph First of said Decree is hereby amended to read as follows," reciting that the DeLongs and other defendants were duly served with complaint and summons; that Hilda M. Gray "appeared and answered" but "did not appear at the trial"; that the time within which the DeLongs and Norman Farra had to appear had expired and all except Hilda M. Gray have made default. The court then ordered that the original judgment entered March 4, 1931, be corrected accordingly, *nunc pro tunc.* The *nunc pro tunc* order was made, apparently, without notice to any of the defendants. More than one year thereafter, on May 17, 1946, the DeLongs and Hilda M. Gray filed a notice of motion for an order vacating said *nunc pro tunc* order, based on the files of said action and an affidavit of their attorney in which it is recited that no notice was ever given defendants of any motion to amend, or of the intention of the court to enter such a *nunc pro tunc* order amending the previous judgment. It is also shown that the first notice they had that said order had been entered was on March 1, 1946. The minutes of the court's proceedings of February 27, 1931, were read in evidence on June 21, 1946. By consent, T. W. Burnam and Aletha K. Burnam were substituted as plaintiffs and respondents. On July 3, 1946, the trial judge denied defendants' motion to set aside the previous order. The DeLongs and Hilda M. Gray have appealed from the order.

From an observation of the proceedings the DeLongs were not aggrieved parties. The default judgment against them was proper in form and substance and became final. The *nunc pro tunc* order did not change the original judgment as to the rights of those defendants, nor did it affect them. Even

if the whole order should be declared to be null and void as to them, they are still bound by the original judgment. (*Title Insurance & Trust Co.* v. *King Land & Improvement Co.*, 162 Cal. 44, 46 [120 P. 1066].)

The defendant Norman Farra has not appeared in this proceeding and is not a party to this appeal. We shall therefore consider the merits of this appeal from the order insofar as it may affect the appellant Hilda M. Gray.

Respondents endeavor to uphold the action of the trial court in amending the previous judgment, without notice, upon the grounds: (1) that the errors contained in the judgment as originally entered were clerical, and that courts have inherent power to correct clerical errors either on their own motion or on motion of a third party and with or without notice; (2) that parties in default are not entitled to notice of subsequent proceedings in the action; (3) that a motion to vacate an order or judgment more than one year after the order is made or judgment entered is regarded as a collateral attack on such order or judgment and must be denied unless the order or judgment is void on its face; and (4) that an order or judgment is not void on its face unless the invalidity affirmatively appears on the face of the proceedings in the case.

We are not impressed with the argument that the change in the judgment as to Hilda M. Gray is not a substantial change but only a clerical error and one which the court may correct at any time, without notice.

In *Scamman* v. *Bonslett*, 118 Cal. 93 [50 P. 272, 62 Am.St. Rep. 226], quoting from the syllabus, it is said that:

"Although a court may at any time, with or without notice, amend a judgment, where the record discloses that the judgment of the court was not correctly given, or where clerical misprisions have occurred, of which the record affords the evidence, yet, when an inspection of the record does not show the error, and resort must be had to evidence aliunde, notice must be given of a motion to amend the judgment to the parties affected thereby; and where an amendment is made to a judgment *in matter of substance,* whereby it is made to grant relief different from that granted when it was rendered, it is absolutely void as against a party having no notice of the application to amend it." (Italics ours.)

A quotation from Freeman on Judgments (§ 72) is therein contained to the same effect. (See, also, *Herd* v. *Tuohy*, 133 Cal. 55 [65 P. 139].)

In *Texas Co.* v. *Bank of America etc. Assn.*, 5 Cal.2d 35, at p. 41 [53 P.2d 127], it was held that if the record discloses that the court had no jurisdiction to make the order, then it is void and can be attacked at any time, citing cases. In *Luckenbach* v. *Krempel*, 188 Cal. 175 [204 P. 591], it was held that if the court refuses to vacate such an order on motion, it being an order made after judgment, the party aggrieved may appeal and have the order reviewed and reversed.

In *Estate of Goldberg*, 10 Cal.2d 709 [76 P.2d 508], the general rule in reference to clerical errors is discussed, and it was there held that if it appears on the face of the record that a clerical error has been committed and carried into the decree the court has authority and power to correct such error, and the meaning of the term "clerical error" has been extended to include an error that may have been made by the judge or the court. However, we find no case which holds that if such change in the judgment affects the substantial rights of the parties and that it was made without notice, and that by such change the parties may be deprived of their right of appeal, such court has authority to make the change effective *nunc pro tunc*.

The question then presented here is: Was the amendment to the original judgment, in the form of *nunc pro tunc,* such an amendment as would affect the substantial rights of the parties, without notice, and which may also affect their right to appeal? We think so. The original judgment dismissed the action as to Hilda M. Gray. At that time she had her answer on file claiming an interest in a parcel of such property by virtue of a deed from the DeLongs. She alleged that her claim was not inferior to that of plaintiffs. That judgment does not recite that she was ever served with notice of trial. The second paragraph of the original decree, not amended in any form by the *nunc pro tunc* order, provided for a foreclosure proceeding by the commissioner and then specifically provided: "That the *defendants* and all persons claiming, or to claim, from or under them, and all persons having a lien subsequent to said mortgage . . . and all persons claiming to have acquired any estate or interest in said premises subsequent to the filing of said notice of pendency of this action . . . be forever barred and foreclosed of and from all equity of redemption and claim of, in, and to said mortgaged premises, . . . from and after the delivery of said commissioner's deed."

The effect of the *nunc pro tunc* order, therefore, is to set aside the dismissal of the action as to the defendant Hilda M. Gray, to reinstate her answer, and to make her a party defendant again as of the date of the first judgment. By the last clause of the original judgment she is foreclosed from claiming any parcel of the property, or any right, title or interest therein. By making this order *nunc pro tunc* it would, in effect, bar her from her right to a trial on the issues presented by her answer, and her right to an appeal from such a judgment. *Spencer* v. *Troutt,* 133 Cal. 605 [65 P. 1083], and kindred cases, preclude such an order being entered *nunc pro tunc* and without notice.

As to Hilda M. Gray, the order is reversed and the trial court, as to her, is directed to set aside the *nunc pro tunc* judgment.

Marks, J., concurred.