[Civ. No. 7853.   Third Dist.   June 22, 1950.]

SARA E. LANE et al., Petitioners, v. THE SUPERIOR COURT OF SISKIYOU COUNTY, Respondent.

Mark M. Brawman for Petitioners.

Tebbe & Correia for Respondent and Real Party in Interest.

VAN DYKE, J.—Prohibition. The estate of Mary DeBoie is in the course of probate in Siskiyou County, her surviving husband being the administrator. On October 13, 1948, two sisters of decedent filed in that proceeding their petition to determine heirship. The surviving husband appeared personally and claimed he was entitled to the whole estate as community property. Statutory notice to all persons who

might be interested was given by posting as provided by section 1080 of the Probate Code. The matter was heard, Honorable Albert F. Ross, judge assigned, presiding. The only parties present were the surviving husband and the sisters. Considerable testimony was taken concerning the nature of the property as being community or separate. The testimony concerning heirship was scanty but one of the sisters did testify that the decedent left surviving her the two sisters and the surviving husband. When she was asked about other relations she said that one brother had died before the death of Mary DeBoie and had left surviving him a daughter; that the witness did not know where this daughter then was and had not heard from her "in a number of years." Nothing further appeared concerning this niece of decedent. All issues were submitted to the trial court, and thereafter Judge Ross filed with the clerk a document entitled "Memorandum of Decision." Therein he announced his intention to hold that the personal property in the estate was community and should go to the husband, decedent having died intestate; that the real property was separate property of the decedent. The memorandum then continued: "I therefore find that the two sisters are entitled to inherit one quarter each of the real property herein and the husband is entitled to one half, and direct that an order so determining heirship be prepared." Nothing was said about the niece. Approximately three weeks thereafter there was filed a decree adjudging that decedent had left surviving her as her only heirs at law, the surviving husband and the two surviving sisters. Again no mention was made of the niece referred to in the testimony. More than one year elapsed thereafter and on January 30, 1950, Ena Hallick Layton, alleging herself to be the aforesaid niece of decedent, filed her petition for an order modifying the decree determining heirship and for a declaration that she was entitled to an equal interest with the two surviving sisters. Responsive to this petition the two sisters filed objections to her petition setting up the foregoing proceedings and contending the decree was final and could not be changed. They alleged that while Sara E. Lane, one of the sisters, did testify as above set forth, she did not at that time know the whereabouts of Ena Hallick Layton nor whether she was alive or dead. They denied that the niece had been intentionally omitted from their petition to determine heirship, and alleged that Sara, the only one sworn, had truthfully answered all questions propounded.

There is no dispute between the parties but that Ena Hallick

Layton is a niece of decedent, or that but for the decree aforesaid, she would be entitled to share in the estate of decedent. Her petition to amend the decree was heard before the court, Honorable James M. Allen, presiding. Judge Allen filed with the clerk a memorandum of his intended action upon the petition to amend the decree. After noting that the evidence taken at the hearing of the petition to determine heirship showed that Ena Hallick Layton was a legal heir, and that this evidence had never been contradicted, the judge declared that he had no doubt that Judge Ross had ''inadvertently overlooked her when he made his decision and signed the decree.'' He stated there is nothing in the record to show that the niece had any actual knowledge of the death of her aunt, of the estate proceedings, or of the proceedings to determine heirship until she filed the petition to amend that decree. And he finally declared that he conceived it to be his duty to do whatever lay in his power to see that the estate was properly distributed to the actual legal heirs and that he would grant her petition to allow her to take her legal share of the estate. However, he stated in addition: ''I will not sign the formal order until objectors have the opportunity to test the correctness of my decision in the upper courts if they desire to do so.''

Sara E. Lane and her sister thereupon filed in this court their petition asking that a writ of prohibition issue directed to the trial court and the judge thereof prohibiting and restraining the court from modifying or amending in any way the heirship decree.

Preliminarily it may be said that a decree determining heirship is a proceeding in rem made in the course of proceedings that are purely statutory and special in their nature; that such decrees are accorded the same intendments in favor of their validity as the final judgment of any court; that jurisdiction to take any action prescribed by statute is established when the appropriate petition has been filed and notice required by statute has been given; that when a petition to establish heirship has been filed and the notice prescribed by Probate Code section 1200 has been given, the probate court has jurisdiction to proceed with the whole matter of heirship in the decedent's estate; that an heirship proceeding is a specialized proceeding in rem wherein the res is the right of heirship and distribution, and as to that issue the decree is binding on the whole world; that the decree in such a proceeding is not one in persona in favor of one party against another

but is a solemn declaration of the status of the res, and *ipso facto* renders it what the decree declares it to be. (*Estate of Wise*, 34 Cal.2d 376 [210 P.2d 497], and cases cited.) Therefore as a result of the proceedings taken here in the matter of determination of heirship Ena Hallick Layton was bound, and in effect lost her heirship even though it be true that she had no actual knowledge of anything that had transpired. Her right to apply for relief under section 473 of the Code of Civil Procedure had expired, and consequently her peition could only invoke the inherent power of the trial court to correct its records to make them speak the truth insofar as their failure to do so had been caused by clerical errors or misprisions, including those of the court itself if any such had occurred. The contention of petitioners here is that the decree determining heirship was and is valid; that it is final and that upon the record before it the contemplated action of the trial court would be in excess of jurisdiction and therefore properly restrainable by writ of prohibition. In answering these contentions it will be necessary to refer somewhat generally to the power of the trial courts in correcting their judgments.

 A good discussion on the subject is found in *Morgan v. State Board of Equalization*, 89 Cal.App.2d 674, 677 [201 P.2d 859]. It is therein said:

"Aside from statute, courts have an inherent power to correct judgments where there has been a clerical error by the clerk or by the judge himself. There is no time limit within which this correction need be made. The correction can often be made ex parte and even without notice. The only important limitation upon the power is that it must be used to correct 'clerical' errors, and cannot be used for 'judicial' errors."

The opinion goes on to declare that the power extends also to cases where some provision of or omission from an order or judgment as made or rendered was due to the inadvertence or mistake of the court which might properly be treated as a clerical misprision rather than a judicial error. The opinion reviews many cases upon the subject matter, only some of which need be noted here. In *Bastajian v. Brown*, 19 Cal.2d 209, 214 [120 P.2d 9], the trial court, after submission to it of a cause involving the quieting of title, caused a minute entry to be made that judgment was ordered for the defendants. After the expiration of a year, during which no action was taken, plaintiff presented findings of fact and conclusions of law which were in his favor on an important issue. They were signed by the judge. No motion for a new trial was

made nor appeal taken but application was made to vacate the findings and judgment on the ground that they did not conform to and were not the true judgment rendered by the court. An order granting this motion was made, the court declaring that the findings had not conformed to the true judgment intended by the court and that this situation had arisen through clerical error. An appeal was taken, and the Supreme Court held as follows:

''Independently of statute a trial court has power to correct mistakes and to annul orders and judgments inadvertently or improvidently made . . . which are not actually the result of the exercise of judgment. It has no power . . . to set aside or amend judicial error except under appropriate statutory procedure.''

The court further held that the error corrected in that case was not a judicial one; that the judge's solemn declaration in the order vacating the judgment was that the findings and judgment did not conform to and set forth the true judgment rendered by the court; that this declaration could not be wholly disregarded because it was a declaration of a fact that was concealed in the mind of the judge; and that no one was in a better position than he to state what had been his true intent. Said the Supreme Court:

''He may have failed to read the findings and judgment before signing them. He may have supposed they were in favor of defendants. His declaration may be construed to so indicate. Under such circumstances it is obvious that the findings and judgment would not *in fact* be the decision actually intended to be rendered by him, or that he in the exercise of judicial authority arrived at. . . . The facts within the personal knowledge of the judge may be considered, and in vacating or correcting a clerical error or mistake he may give effect of his own recollection. The declaration in the order vacating the judgment has a direct bearing on the existence of such error. . . . The signing of the findings does not necessarily establish that an error in a judgment is a judicial one. . . . The trial court's finding upon conflicting evidence that a clerical error exists and the nature thereof, is conclusive upon this court.''

The foregoing is sufficient authority for a determination that the writ of prohibition will not lie under the circumstances disclosed here.

First the trial court has jurisdiction to entertain and act

upon the petition to amend its own judgment. Next, if a clerical error has been committed, as a result of which the judgment attacked is not the true judgment of the court, the trial court may amend its judgment to speak the truth. In the first instance the trial court must determine whether or not the amendment sought will be the correction of clerical error or an attempt, under the guise of correcting such error, to in fact correct judicial error. In the case at bar the trial court has not so acted. It may still do so. While the record before that court, when it announced its intended action, is presented here, and while it may be conceded that it presents grave questions as to the nature of the error sought to be corrected, nevertheless we cannot say that such will be the record when the court does take the suggested action. For instance, that court might, in view of the declarations in the Bastajian case, *supra,* concerning the importance of declarations by the judge who made the decision, set aside the submission and direct that a further hearing be had in which that judge may have an opportunity to throw additional light upon the vital point to be determined by the trial court. Conceivably, additional evidence from other sources might be received, the point being that this court is in no position at this time to declare that the trial court will, if it finally amends the decree as requested, be then acting in excess of jurisdiction. Under the circumstances here it is impossible for this court to say that under any and all conceivable situations the suggested action of the trial court, when it shall have been taken, will exceed its jurisdiction. On the contrary, the proper method of presenting this issue to an appellate court is to await the action of the trial court, and when it has been taken, to present on appeal the question here sought to be presented. On appeal the actual basis of whatever ruling the trial court makes can be properly presented by the record on appeal, and then, and only then, can the legal issues involved be appropriately decided.

The alternative writ is discharged, and the application for a peremptory writ is denied.

Adams, P. J., and Peek, J., concurred.