E. N. SAGER et al., Appellants, v. DANIEL R. O'CONNELL, Respondent.

§

Marvin E. Lewis for Appellants.

Simeon E. Sheffey and Eric A. Falconer for Respondent.

BRAY, J.—Plaintiffs appeal from (1) an order denying their motion to compel the execution and entry of a satisfaction of judgment, and (2) an order denying their motion to strike from the files a certain judgment.

## QUESTIONS PRESENTED

1. What is the effect of the second judgment? 2. Should the judgment be satisfied?

## RECORD

. November 12, 1948, judgment[1] was rendered in favor of defendant and against plaintiffs providing that the land of defendant is entitled to receive lateral support from plaintiffs' land, requiring plaintiffs to restore such support within 90 days, and in the event of their failure to do so within that time defendant shall have and recover from plaintiffs the sum of $3,000. More than 90 days later, on June 16, 1949, the parties entered into an agreement providing the type of support to be erected including a fence on top of it, said support to be a specified type of concrete bulkhead to be erected on a 2-foot strip of land which defendant was to sell to plaintiffs for $300, and containing other provisions including one to the effect that defendant "agrees to suspend the enforcement of the judgment during the time that said bulkhead is being built, provided said period of time does not extend over and beyond the 15th day of Sept., 1949, save and except if the completion of said bulkhead on or before said date, is prevented by strikes, acts of God, or by any other matter or thing outside of the control of the Second Parties, said time to be extended to its completion."

On March 22, 1950, on application of defendant and an affidavit to the effect that plaintiffs had failed and refused to construct said support, judgment[2] in favor of defendant

[1]Herein referred to as "first judgment."
[2]Herein referred to as "second judgment."

and against plaintiffs in the sum of $3,000 was rendered. October 20, plaintiffs moved the court for an order directing defendant to enter a satisfaction of judgment. The motion was based on the affidavit of plaintiff Sager, setting forth the beforementioned agreement of extension of time to September 15, 1949, and stating that he had notified defendant's attorneys he was unable to construct said support within that time due to the fact that he would not have the money to pay for its construction until certain property was sold. He was having difficulties clearing the title to this property, which he would sell as soon as the title was cleared. Defendant's attorneys told him that while they were anxious to have the support completed as soon as possible, they understood his difficulties and for him to complete said support as soon as possible. Relying upon the willingness of defendant and the attorneys to extend said time, plaintiffs did expend considerable sums of money in constructing said support and did comply with all the terms of the agreement. It was never the intention of the court that defendant should have a bulkhead and a fence on top of it and the other work and labor performed which had been agreed upon in said agreement and also to have a sum of money besides. Plaintiffs had requested a satisfaction of judgment from defendant and his attorneys, and they had refused to give it. The circumstances described which delayed the construction of the support were beyond the power of plaintiffs to prevent. No counteraffidavit was filed.

On December 14, plaintiffs moved for an order striking from the files the second judgment on the ground that it is void on its face. This motion was also based on the beforementioned affidavit. Both motions were denied.

## The Judgments

Plaintiffs contend that the first judgment was a final one, that there can be only one judgment in an action, and hence the second judgment is void. The discussion of whether the first judgment is interlocutory or final is actually unimportant here, for the reason that regarded either way the second judgment is proper. Plaintiffs concede that if the first judgment is only interlocutory, then the second one was proper. The first judgment provided an alternative—either the plaintiffs within 90 days should build the support, or defendant would be entitled to recover $3,000. Assuming it to be a final judgment, as contended by plaintiffs, the judgment was not

self-executing in the sense that merely by filing an affidavit that the support had not been completed, an execution would issue. It required a judicial determination of the fact of non-compliance. Although the order making that determination is denominated a judgment it is an order after judgment finding noncompliance with a prior judgment. It is not the name given an order which determines its character, but the effect such order has. Therefore, the second judgment was not void and the trial court properly refused to set it aside on that ground. (No motion was made to set it aside on any other ground, such as the grounds provided by section 473 of the Code of Civil Procedure.) Neither judgment was appealed from, so the question of whether both are appealable does not arise.

### Satisfaction of Judgment

On the hearing of the motion to order defendant to satisfy the judgment, there was no formal denial of the statements in plaintiff Sager's affidavit. It states, in effect, that defendant's attorneys advised plaintiff that they understood his difficulties and told him to complete the bulkhead as soon as possible. The affidavit does not state when this took place, whether before or after the execution of the agreement extending the time of performance to September 15. At the hearing defendant took the position that on the date of the second judgment there had been no compliance with the judgment for construction of the support (in fact, the construction had not then been started), and that plaintiff's financial difficulties were not "any other matter or thing outside of the control of the Second Parties." In answer to plaintiffs' contention that defendant was in a position where he was getting the bulkhead and fence and $3,000 besides, when it was undoubtedly the intention of the court originally that he should have only one *or* the other, defendant contended that he had been greatly damaged by the delay, and that if the court ordered the judgment satisfied plaintiffs would be relieved from reimbursing defendant for such damage. He contended that plaintiffs should bring an action in equity where the equities between the parties could be balanced.

 Section 675 of the Code of Civil Procedure provides: "*Whenever a judgment is satisfied in fact* . . . the party or attorney must give such acknowledgment . . . and, upon motion, the court may compel it, or may order the entry of satisfaction to be made without it." (Italics added.) Strictly speaking, the judgment is not satisfied in fact. It provided

that the support was to be constructed in 90 days. It was not, nor in the extension thereof provided by the written agreement. Hence, section 675 of the Code of Civil Procedure does not apply. In a suit in equity, the court can determine whether there was such oral extension, whether the circumstances justify a relief from what appears on its face to be a double burden on plaintiffs, whether defendant was damaged by the delay, and if so, what would be a fair balancing of the equities.

The orders are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.