Ralph B. WINGET, Plaintiff-Respondent,

v.

J. L. WOODS, Defendant-Appellant.

No. 7477.

Springfield Court of Appeals.

Missouri.

Sept. 27, 1956.

White & White, Rolla, for defendant-appellant.

Horace T. Robinson, Waynesville, for plaintiff-respondent.

RUARK, Judge.

This is an appeal from a judgment for $2,000 in favor of plaintiff Winget, who brought suit in this state on a California "amended" judgment rendered on the 30th day of November, 1951. In making our determination it is necessary to set forth some of the history of the litigation leading up to the judgment sued upon.

Plaintiff brought suit entitled "Complaint for Damages on Written Agreement" in the Superior Court of Kern County, California. In his petition he stated that he had sold defendant a palomino stallion called Lucky Star at a price of $3,000, $1,000 of which was paid in cash, and by the agreement of sale the balance was to be paid by delivery of four colts of Lucky Star (when and as they attained the age of three years) for a credit of $500 per each such colt so delivered. It was charged defendant had failed so to deliver the colts per contract. Prayer was for $2,000 and for such other relief as the court deemed proper. The averments of said petition being denied, the parties appeared on June 8, 1951, and went to trial before the court sitting as a jury. On October 2, 1951, the court, after having filed his findings of fact, rendered judgment as follows (recitals of appearance are omitted):

"Wherefore, by reason of the law and the findings of fact aforesaid, it is ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendants the sum of Five Hundred Dollars ($500.00) in lawful money of the United States of America, with interest thereon at the rate of seven per cent (7%) per annum

from the date hereof until paid; that the defendants deliver unto the plaintiff three (3) colts sired by the stallion, 'Lucky Star,' within thirty (30) days from the date of notice of entry of this judgment, and in default thereof, the money judgment hereinabove ordered and decreed be increased in the sum of Five Hundred Dollars ($500.00) for each colt not so delivered, together with plaintiff's costs and disbursements incurred herein."

Thereafter notice of entry of such judgment was served upon defendant's counsel; and on November 7, 1951, an execution for $500 was issued on the judgment. On November 26, 1951, plaintiff filed an ex parte affidavit reciting the fact of rendition of the judgment, alleging the colts had not been delivered in accordance with its demands and praying "that the clerk of said court enter judgment accordingly." On November 30, 1951, the superior court rendered the amended judgment sued on in this case, which is as follows:

"Amended Judgment

"The above entitled cause came on regularly for trial on the 8th day of June, 1951, before the Court sitting without a jury, a jury having been expressly waived, Edwin P. Jacobsen, Esq., appearing for plaintiff and Dorris, Fleharty & Phillips by W. C. Dorris, Esq., for defendants, and evidence both oral and documentary having been introduced and the cause submitted for decision and the Court having heretofore made and caused to be filed herein its written findings of fact and conclusions of law and a judgment having heretofore been rendered, entered, filed and recorded, wherein and whereby it was ordered, adjudged, and decreed that the plaintiff do have and recover from the defendants the sum of Five Hundred Dollars ($500.00) in lawful money of the United State(s) of America, with interest thereon at the rate of seven per cent (7%) per annum from the date of said judgment until paid, and, further, that the defendants deliver unto the plaintiff three (3) colts sired by the stallion, 'Lucky Star,' within thirty (30) days from date of notice of entry of judgment, and, in default thereof, the money judgment so ordered and decreed be increased in the sum of Five Hundred Dollars ($500.00) for each colt not so delivered, and it appearing to the satisfaction of the Court that notice of entry of judgment has heretofore been served and filed and that said colts sired by the stallion, 'Lucky Star,' have not been delivered to the plaintiff, nor has any of said colts been so delivered, as heretofore ordered, adjudged, and decreed, and the time to so deliver said colts, as aforesaid, having heretofore expired, and it appearing that in the default of delivery of said colts the money judgment in favor of plaintiff herein should be increased to the sum of Two Thousand Dollars ($2,000.00) in lawful money of the United State(s) of America, and the Court being otherwise fully advised in the premises:

"Wherefore, by reason of the law and the findings of fact aforesaid, it is ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendants the sum of Two Thousand Dollars ($2,000.00) in lawful money of the United States of America, with interest thereon at the rate of seven per cent (7%) per annum from the original entry of judgment herein until paid.

"Done in open court this 30 day of November, 1951.

"/s/ R. B. Lambert

"Judge of the Superior Court"

Transcript of the California record was put in evidence. It is devoid of any showing of notice to the defendant or his attorneys in respect to the affidavit or application for rendition of the amended

judgment, and plaintiff-respondent makes no contention that any such notice was given.

At trial of the case defendant sought to prove satisfaction of the first or original judgment, and fraud and lack of notice as to the second or amended judgment. His testimony was that shortly after the California court had announced its intended ruling on the first judgment, he, the defendant, attempted to deliver the colts to plaintiff, but that plaintiff had moved from his premises and had no place to receive them. That he, defendant, (in accordance with a somewhat nebulous agreement he claimed to have had with the plaintiff in respect thereto) left the colts at the ranch of an acquaintance subject to delivery to plaintiff upon plaintiff's call, and that he, the defendant, then moved to Missouri. Defendant also testified that he had no notice or knowledge of the affidavit or application for the amended (second) judgment.

■ It is unnecessary to go into detail as to the various rulings of the trial court. It is sufficient to say that they were based upon its view of the law, stated for the record, that parol evidence could not be accepted in collateral attack upon the solemn judgment of a court. In this general view, which bore its fruit in the rulings of the court, the eminent judge was correct; but he overlooked the exception, which is that as respects foreign judgments extrinsic and parol evidence may be considered in proof of fraud in the procurement and in proof that no actual jurisdiction of the person of the defendant or the subject matter existed at the time such judgment was rendered, even though this be

in contradiction of the record of such judgment.[1]

■■ The question with which we concern ourselves in this case is the validity of the "amended judgment" which was sued on, for if it was invalid in California it is invalid in Missouri. No greater force or effect will be given to the judgment of a court of a sister state than would be given to such judgment by the courts of the state in which it was rendered. Dawson v. Dawson, Mo.App., 241 S.W.2d 725; Daugherty v. Nelson, Mo.App., 234 S.W.2d 353; Wilson & Co. v. Hartford Fire Ins. Co., 300 Mo. 1, 254 S.W. 266. And we are of the opinion that such amended California judgment, which was the basis for the judgment rendered in this case, was invalid in California because the court had no power to enter the order sued on *as a judgment.*

■■ Under the law of California the control of the court over its judgment expires with the entry of such judgment. First National Bank v. Dusy, 110 Cal. 69, 42 P. 476; De Coe v. Johnson, 54 Cal.App. 592, 202 P. 362, 367; Jacobs v. Norwich Union Fire Ins. Soc., 4 Cal.App.2d 1, 40 P. 2d 899; for illustration, see Barry v. Superior Court of San Francisco County, 91 Cal. 486, 27 P. 763. After such entry the courts have inherent power to amend *only* for the purpose of correcting clerical misprision and to make the record speak the truth. Bastajian v. Brown, 19 Cal.2d 209, 120 P.2d 9; Lane v. Superior Court of Siskiyou County, 98 Cal.App.2d 165, 219 P.2d 497; Fay v. Stubenrauch, 141 Cal. 573, 75 P. 174. In such event it appears that the amendment may be made without

1. 50 C.J.S., Judgments, § 893(c), pp. 502, 503, 504; Restatement of the Law of Judgments, ch. 2, § 12(c), p. 71; Kilbourn v. Kilbourn, 354 Mo. 17, 190 S.W.2d 206; Leichty v. Kansas City Bridge Co., 354 Mo. 629, 190 S.W.2d 201; Woods v. Washington Fidelity Nat. Ins. Co., Mo. App., 113 S.W.2d 121; Daugherty v. Nelson, Mo.App., 234 S.W.2d 353, 358;

Hill v. Hill, Mo.App., 236 S.W.2d 394, 398, 399; Broemmer v. Broemmer, Mo. App., 219 S.W.2d 300; Broussard v. Mason, 187 Mo.App. 281, 173 S.W. 698; Emerson-Brantingham Implement Co. v. Montgomery, 222 Mo.App. 12, 300 S.W. 538; Howey v. Howey, Mo.Sup., 240 S. W. 450; Bonnet-Brown Sales Service v. Utt, 323 Mo. 589, 19 S.W.2d 888.

notice when the sole purpose is to make the record conform to the judicial decision actually made and the error is apparent on the record or is dependent upon the recollection of the judge. Benway v. Benway, 69 Cal.App.2d 574, 159 P.2d 682; Carpenter v. Pacific Mut. Life Ins. Co., 14 Cal.2d 704, 96 P.2d 796.

■ But except for the purposes aforestated the California courts have no power to change, amend or modify their judgments once rendered and *entered,* except *when expressly authorized by statute,* and the attempt to so exercise such power without express statutory authority is void. Bowman v. Bowman, en banc, 29 Cal.2d 808, 178 P.2d 751, 170 A.L.R. 246; Thompson v. Cook, Cal.App., 120 P.2d 54; Most Worshipful Sons of Light v. Sons of Light Lodge, 91 Cal.App.2d 582, 205 P.2d 722; Gillespie v. Andrews, 78 Cal.App. 595, 248 P. 715; McMahan v. Baringer, 49 Cal.App.2d 431, 122 P.2d 63; White v. White, 130 Cal. 597, 62 P. 1062; Hales v. Snowden, 40 Cal.App.2d 801, 105 P.2d 1015; Key System Transit Lines v. Superior Court of Alameda County, Cal.App., 200 P.2d 813; see Key System Transit Lines v. Superior Court of Alameda County, 36 Cal.2d 184, 222 P.2d 867; see 13 Cal. Law Review 362. Not only is the power limited to express authorization by statute, but the judgment, once entered, can be changed, modified or vacated *only in the manner* prescribed by statute. Eisenberg v. Superior Court of San Francisco County, 193 Cal. 575, 226 P. 617; see Goatman v. Fuller, 191 Cal. 245, 216 P. 35, and cases cited; Bastajian v. Brown, 19 Cal.2d 209, 120 P.2d 9; Lane v. Superior Court of Siskiyou County, 98 Cal.App.2d 165, 219 P.2d 497.

We have not been cited, nor do we find upon our own rather extensive investigation, any statute which permits the amendment of a judgment in a suit of this kind after entry, as was here done. Section 473 of the California Code of Civil Procedure provides for relief against judgments entered by surprise, inadvertence, mistake, excusable neglect, et cetera. But the grounds so required were not present in this case. Such statute sets up the procedure, and notice is a prerequisite to such amendment.

But respondent argues that the first judgment was merely interlocutory and that the court had therefore the power to enter the judgment sued on. We think the original judgment was final under the California law. Judgments similar to the one at bar have been held final by the California courts. Thus in Adams v. Bell, en banc, 219 Cal. 503, 27 P.2d 757, which was an action for specific performance of an agreement to sell, the court gave judgment in the alternative that defendant deliver the deeds in ten days, or plaintiff would have money judgment. This was held to be a final judgment. In Los Angeles Auto Tractor Co. v. Superior Court of Los Angeles County, 94 Cal.App. 433, 271 P. 363, the decree adjudged title unless the defendant would within thirty days pay $15,500, and that upon such payment plaintiff would execute a deed. The judgment specifically designated itself as interlocutory. Nevertheless, it was held that this was a complete determination of the rights of the parties and was a final decree, although the court retained jurisdiction to make orders in supervision of the remedy.

■ In Sager v. O'Connell, 107 Cal.App. 2d 391, 237 P.2d 59, 61, an alternative judgment was rendered and thereafter the court entered a judgment somewhat similar to the one here involved. The district court of appeals *indicated* that such entry had validity, not as a judgment, but as an order aiding the enforcement of the first judgment, "an order after judgment finding non-compliance with a prior judgment." But there can be but one judgment to be sued upon and enforced, and a suit based solely upon an order after judgment which aids in its enforcement (as in this case) is not a suit upon the judgment itself.

We also entertain grave doubt as to the validity of the order sued upon by reason

of failure of due process (such order being of necessity based on evidence aliunde), but since the case must be reversed for the reasons aforestated it becomes unnecessary to rule upon that point and we do not here decide it.[2]

Nothing we have said herein is to be construed as reflecting any opinion concerning the validity or effect of the first judgment which was rendered on June 8, 1951.

The case is reversed and it is ordered that judgment be entered for defendant.

McDOWELL, P. J., and STONE, J., concur.

2. See (a) Thompson v. Cook, Cal.App., 120 P.2d 54, 56; Scamman v. Bonslett, 118 Cal. 93, 50 P. 272, 274; Bliss v. De Long, 81 Cal.App.2d 559, 184 P.2d 705; McDonald v. Severy, 6 Cal.2d 629, 59 P.2d 98; see also In re Hultin's Estate, 29 Cal.2d 825, 178 P.2d 756; Dolan v. Superior Court of San Francisco County, 47 Cal.App. 235, 190 P. 469, 471; Vale v. Maryland Casualty Co., 101 Cal.App. 599, 281 P. 1058; Linstead v. Superior Court of Mendocino County, 17 Cal.App. 2d 9, 61 P.2d 355; Harth v. Ten Eyck, 16 Cal.2d 829, 108 P.2d 675, 678; see also (b) Moore v. Superior Court of San Francisco County, en banc, 203 Cal. 238, 263 P. 1009, 1011; Jones v. Jones, 116 Cal.App.2d 604, 254 P.2d 67; Eshelman v. Eshelman, 133 Cal.App.2d 376, 284 P.2d 103; also (c) California Code of Civil Procedure, chs. 4 and 5, title 14, part 2; Reynolds v. Reynolds, 21 Cal. 2d 580, 134 P.2d 251.